LEWIS BRISBOIS BISGAARD & SMITH LLP
Lane J. Ashley - SBN 073296
N. David Lyons - SBN 66661
Jeffrey A. Meyers - SBN 175474
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 481-0621

Attorneys for Defendant NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST BUILDING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. CIV. S-04-1059 LKK (KJM) <br><br> **DEFENDANT NATIONAL UNION'S DISCLOSURE OF TRIAL EXPERTS** |

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") hereby lists the following expert witnesses whom it now anticipates calling as part of its case in chief at trial.

## PRELIMINARY STATEMENT

This list is based on plaintiff's allegations and contentions as articulated thus far in its pleadings and discovery responses, as well as on the present procedural posture of the case. The Court has not yet ruled on National Union's Motion for complete or partial summary judgment, which was heard, and taken under submission, on November 19, 2004. The ruling on that Motion may limit or narrow the issues to be tried, and may thereby affect the need for or scope of expert testimony at trial. Also, depositions have been noticed but not yet taken, National Union has not yet responded to plaintiff's First Request For Production Of Documents served on December 23, 2004,

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2801
TELEPHONE (213) 250-1800

1 and additional discovery is pending or may occur. National Union reserves the right to amend or

2 supplement this Disclosure in light of such further developments if and as appropriate. For those

3 same reasons, as well as delay by plaintiff and/or its former law firms in producing the firms' file

4 materials in response to subpoenas from National Union, it is anticipated that the attached expert

5 reports will be supplemented when additional discovery and/or court ruling(s) become available.

6 All experts will be made available for deposition concerning materials reviewed and opinions to

7 which they expect to testify at mutually convenient dates before the discovery cutoff.

8                                    **EXPERT WITNESSES**

9         1.        Andre E. Jardini, c/o Knapp, Peterson & Clarke, 500 North Brand Boulevard, 20th

10 Floor, Glendale, California 91203-1904.

11        Attached hereto as Exhibit A is a copy of Mr. Jardini's expert report, which includes a

12 summary of his qualifications and a listing of his deposition and trial testimony as an expert over the

13 past four years. For the reasons stated above, it is anticipated that the report will be supplemented

14 when additional discovery and/or court ruling(s) become available.

15        2.        Robert L. Siems, 3683 Clipper Mill Road, Baltimore, Maryland 21211.

16        Attached hereto as Exhibit B is a copy of Mr. Siems' expert report and CV, which include a

17 summary of his qualifications and a listing of his deposition and trial testimony as an expert over the

18 past four years. For the reasons stated above, it is anticipated that the report will be supplemented

19 when additional discovery and/or court ruling(s) become available.

20

21

22                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24 DATED: January 7, 2005          By _____
                                        N. David Lyons
25                                      Attorneys for Defendant NATIONAL UNION FIRE
                                        INSURANCE COMPANY OF PITTSBURGH, PA
26

27

28

EXHIBIT "A"

# EXPERT REPORT OF ANDRÉ E. JARDINI

1.      I am an attorney licensed to practice law in the State of California and a member of the law firm of Knapp, Petersen & Clarke. I have been asked to present opinion testimony concerning the reasonableness and appropriate allocation of attorneys' fees incurred by attorneys for plaintiff and cross-defendant Pacific Coast Building Products ("Pacific") in the matter entitled *Pacific Coast Building Products v. Chivers.*

QUALIFICATIONS

2.      I have practiced law, principally as a litigation attorney, in California, for 27 years. I have a bachelor of arts degree from the University of Notre Dame granted in 1973. I graduated from Hastings College of the Law in 1976. I was admitted to the Bar of the State of California in December of that year. I have also been admitted to practice before the United States District Court for the Central District of California, as well as in the Southern District, Northern District and Eastern District. I am admitted to practice and have appeared before the Ninth Circuit Court of Appeals.

3.      I served as a law clerk to the Honorable Robert Firth of the United States District Court, Central District of California in 1977 and 1978.

4.      Since 1978, I have practiced as a trial attorney in California.

5.      I have, since 1985, been retained by clients regarding, and actively engaged in, the auditing of legal billings and consulting with companies to control legal expenditures. I have tried and arbitrated numerous cases in which the predominant issue involved is the reasonableness of attorneys' fees and costs. I have personally audited the billings of a large proportion of the major law firms in this state over the past nine years. I have also audited the billings of numerous out-of-state firms. I have performed more than 500 such audits.

6.      From time to time, I serve as an arbitrator in the Los Angeles County Bar Association Dispute Resolutions Services Program which concerns attorney-client disputes over legal billings. I have participated, both as counsel and as an expert witness, in

KNAPP,
PETERSEN
& CLARKE

arbitrations and hearings in various courts of general jurisdiction concerning attorney fee disputes pursuant to California Civil Code section 2860.

7.     I have been employed at Knapp, Petersen & Clarke since its inception as a law firm in 1981. My practice consists predominantly of trial work. I have tried more than 50 jury trials to conclusion during my tenure with the firm. I am a member of the American Board of Trial Advocates. Attached hereto as **Exhibit 1** is a listing of some of my trial experiences from 1986 to the present. These trials cover a wide variety of subject areas, including environmental issues, employment issues, business torts, complex insurance issues as well as insurance bad faith and other areas.

8.     Attached hereto as **Exhibit 2** is a listing of my deposition and trial testimony as an expert witness over at least the last four years.

9.     Based on my significant experience relating to legal audit matters and our firm's belief that there was a need for such a service in the legal community, in October of 1991, Knapp, Petersen & Clarke established KPC Legal Audit Services, Inc. I am the founder and the President of that company.

10.     KPC Legal Audit Services, Inc. is a dba of Knapp, Petersen & Clarke. The company specializes in the review and audit of legal billings and consulting on legal cost containment.

11.     Since 1991, KPC Legal Audit Services, Inc. has conducted at least 500 audits throughout the State of California as well as in other states. Cumulative billings audited well exceed $500 million.

12.     KPC Legal Audit has reviewed billing relating to a wide variety of different types of litigation as well as insurance matters, real estate matters, transactional matters and corporate legal work. Such matters include public interest, environmental and other cases involving fee-shifting principles. Such matters also include many audits involving allocation of fees and costs between covered and uncovered claims involving insured matters.

///

13. I have testified as an expert witness in more than 50 superior court matters regarding reasonableness of legal fees, both on behalf of the proponent of such fees and on behalf of the opposing party. Compensation for my study and testimony is billed out at $165 per hour for auditor time and $75 per hour for assistant auditor time. If my services are requested for deposition testimony, trial testimony, or expert reports or declarations, my hourly rate is $395 per hour.

BACKGROUND INFORMATION

14. My analysis has included the review of pleadings in this matter, *Pacific Coast Building Products, Inc. v. National Union Fire Insurance Comany*, including

Motion by National Union for complete or partial summary judgment

National Union's memorandum of points and authorities in support of its motion for summary judgment

National Union's separate statement of undisputed material facts

Declaration of Patrick Fredette in support of National Union's motion for summary judgment

Declaration of N. David Lyons in support of National Union's motion for summary judgment

National Union request for judicial notice

Pacific Coast Building Products opposition to National Union's motion for summary judgment

Pacific Coast Building Products responses to National Union's separate statement

National Union's reply memorandum in support of motion for summary judgment

Reply declaration of N. David Lyons in support of motion for summary judgment

15. I have also reviewed all documents attached to defendants documents in support of their motion for summary judgment, including Pacific Coast Building Products verified complaint filed in Sacramento Superior Court and all documents attached thereto, as well as the deposition summaries of Morgan A. Chivers.

///

16.     I have been asked to opine as to the reasonableness of attorney fees and costs incurred by three firms. The amounts sought are pre-tender, post tender and post directed verdict fees and costs from the law firms of Boutin, Dentino, Gibson, DiGuisto, Hodell & West ("Boutin"); Farmer, Murphy, Smith & Alliston ("Farmer"); and Wagner, Kirkman, Blaine & Youmans ("Wagner"). Fees and costs requested were produced by Pacific under Bates PCB-01028 through PCB-01582. These invoices and records have also been reviewed and analyzed.

OPINION

17.     Attached as **Exhibit 3** are schedules which were prepared directly from the invoices provided by the three firms. They are:

Fees and costs billed per statement (globally, $662,095.00 in fees,$91,695.66 in costs with a total of $753,790.66)

Index of Billing Personnel (18 timekeepers; 3,407.85 hours)

Outline of Services (showing total hours and timekeepers, per event)

Examples of block billing

Examples of interoffice conferencing

Examples of vague billing entries

Examples of secretarial or administrative billing entries

Itemization of costs

18.     In my analysis of the pleadings and billing records, I found there to be significant questions as to compensability for fees billed by Boutin, Farmer and Wagner. These issues include duplication of effort, block and vague billing entries, secretarial/administrative billing entries, excessive inter- and intra-office communications pre-tender fees and fees requested after Pacific was granted a directed verdict on Chivers' fraud/negligent misrepresentation causes of action on April 25, 2002.

ALLOCATION ISSUES

19.     Pacific Coast Building Products commenced an action in 1997 in Sacramento County Superior Court against its former employee Morgan A. Chivers. The lawsuit

KNAPP,
PETERSEN
& CLARKE

concerned ownership of an asphalt shingle recycling process.

20. It is assumed in this opinion, and, I believe, agreed by the parties, that Pacific Coast Buildings' complaint against Chivers for affirmative relief does not have the benefit of a defense under the National Union Fire Insurance Company policies here involved. No claim for damages which would trigger coverage and a defense would exist concerning the action brought by Pacific Coast Building against Chivers.

21. Chivers filed a cross-complaint in the action. It is contended that an obligation exists to defend Pacific Coast Building against the Chivers cross-complaint. Assuming that such a duty exists, it must be determined what part of the services rendered by the law firms retained by Pacific were in defense of the Chivers cross-complaint, as opposed to prosecuting the claims in Pacific's complaint.

22. It is my understanding that, as of the date of this report, the file materials maintain by counsel for Pacific concerning the *Pacific v. Chivers* litigation have not been made available to counsel for National Union. Those materials have not, therefore, as yet, been made available for my review.

23. It is important to the allocation process that the pleadings, correspondence documents and other file materials maintained concerning the underlying *Pacific Coast v. Chivers* litigation be reviewed. In the absence of that review, no complete opinion is possible.

24. Nonetheless, it is readily apparent that significant efforts were undertaken by counsel for Pacific Coast Building which were in furtherance of its claims under the original complaint. Those services would not be fairly compensable under any National Union policy. The determination of this issue pends awaiting the opportunity to review the file materials when made available.

SUMMARY OF SERVICES

25. Attorneys for Pacific request reimbursement for a total of 3,407.85 hours\$662,095.00 in fees. Approximately 64% of that time, or 2,178 hours, was billed with respect to the identifiable activities which are set forth in the attached Outline of

KNAPP, PETERSEN & CLARKE

Services. Examples of such activities include hours billed for work performed in attendance at depositions (6 deponents, including Almaula, Allman, Ploense, Glass, Chivers and Peterson), various motions for attorney fees and to tax costs. Other motions included a motion for reconsideration and directed verdict, motion to transfer venue/reconsideration, motion to continue and motion for separate trial. Trial was scheduled to begin in August 2001 and was continued to March and April 2002 and took place over an eight-day period.

26. The remaining 1,229 hours out of the total 3,407 billed by plaintiff's counsel were spent in such routine activities as conducting telephone conferences, interoffice conferences, preparing routine correspondence and memoranda or engaging in administrative activities.

MISSING INVOICE PAGES

27. We are in receipt of one invoice dated May 15, 2002 in the amount of $204,888.35. This invoice was Bates stamped PCB-01424 through PCB-01431; however, the invoice was missing pages one through 10, and page 18. Without this information, it is impossible to determine reasonableness or compensability of fees billed within the missing invoice pages. The fees and hours within these missing pages total $108,546.25\601 hours.

BLOCK AND VAGUE BILLING ENTRIES

28. My evaluation of the bills was unduly complicated as most of the entries were block billed. Block billing lists a series of activities performed each day and an aggregate amount of time, rather than a single entry for each task. Block billing makes it difficult to determine the amount of time spent on each individual task.

29. By way of example, the courts have addressed the issue of block billing. In *In Re Leonard Jed Company*, 103 B.R. 706, the court stated:

> That "lumping" time was disapproved by bankruptcy courts for two
> reasons. First, it permits an applicant to seek reimbursement for minor tasks
> which, if reported individually, would not be compensable. Second, the court
> is prevented from determining "whether individual tasks were expeditiously

KNAPP,
PETERSEN
& CLARKE

6

performed within a reasonable period of time because it is impossible to
separate into components the services which have been lumped together."

30.     The court found approximately 60 instances of block billing in the fee
application, and with few exceptions, disallowed all of them.

31.     Reviewing the invoices provided was complicated not only based on block
billing, but also because some of the entries within the blocks contain inadequate
description. These entries do not adequately describe the work performed and do not set
forth the purpose of the work. Examples of these vague entries include "review prior
outlines," and "organize to prepare for trial."

32.     In this instance I believe a percentage reduction is warranted for block and
vague billing entries.   I believe a combined reduction of 10% is appropriate.

DUPLICATION OF EFFORT

33.     The research and preparation for the opposition to Chivers' motion for
attorney fees in December 2002 through February 2003 was performed by all three firms.
A total of 266 hours was billed utilizing nine timekeepers. In addition, one attorney from
each of the firms Farmer and Boutin billed over 25 hours to prepare for, travel and attend
the hearing on May 23, 2003. When multiple timekeepers from the multiple firms attend
the same function, legal expenses are increased dramatically.

34.     The participation of multiple firm personnel in the same activity is evidence
of an inefficient approach to the staffing (79% attorneys and 21% other billing personnel)
and management of the litigation. It is my opinion that, here, whatever slight benefits
might be obtained by having multiple personnel attend or participate in the same function
or activity are far outweighed by the substantial increase in the legal expenses that result.

35.     Instances in which more than one representative attended or participated in
the same functions are included in the attached outline of services performed. It is not
appropriate or necessary for two timekeepers to attend a meeting or telephone conference.
It was also likely not necessary for two attorneys to attend trial. Multiple personnel
attending functions effectively inflated this billing beyond that which was necessary, or, in

7

my opinion, appropriate. I recommend a reduction of $23,103.50 in fees for the duplication described herein. In the majority of instances, I have allowed the time billed by lead attorney Chris Gibson for each of his activities as well as paralegal support at trial by Sheryl S. Stuckey.

TRANSIENT BILLERS

36.    The multiple firms here involved utilized the services of fully 18 different timekeepers. A number of the attorneys and paralegals involved expended very modest amounts of time, and their involvement was sporadic. Such billing is appropriately described as transient. The involvement of new and different personnel at different points in the litigation to perform abbreviated and sporadic services is an inefficient and wasteful firm management practice. Over the course of the three years covered by the invoices, involving the commitment of more than 3,400 total hours, numerous personnel provided services averaging less then three hours per month. For instance, the total contribution by Beland Kirk Wagner was .6 of an hour.

37.    When resources are utilized in this fashion, there is a period of time the timekeeper must expend getting up to speed. Thereafter, due to an exit from the litigation, the experience or knowledge gained is lost.

38.    A reasonable proxy for the determination of the amount of this inefficiency is to deduct from the amount due the time spent by all such transient timekeepers. In this case, the following timekeepers should be considered transient:

Carl P. Blaine

Craig E. Farmer

Kara E. Farmer

Roy R. Gerard

Steven M. Green

Carolyn S. Keefe

Jack Mulligan

George E. Murphy

1    Jeffrey B. Slaton

2    Beland Kirk Wagner

3    Michael R. West

4        39.    The deduction of the time expended by these transient timekeepers, during

5    the pre-directed verdict only, results in an overall reduction of 4,073.75.

6    EXCESSIVE INTER- AND INTRA-OFFICE CONFERENCING

7        40.    One of the pitfalls of overstaffing is the tendency for excessive conferencing

8    between attorneys. Attorneys from the Wagner firm spent fully 20% of the time billed on

9    this matter in conferencing; the Farmer firm billed over 16% in intraoffice conferencing.

10   While I recognize the need for effective communication between attorneys and the benefits

11   of conferencing regarding specific issues, I believe that conferencing between the

12   attorneys, particularly Farmer and Wagner, was excessive.

13       41.    I recommend a reduction of time to all of the hours billed by the Farmer and

14   Wagner firms to allow 5% of inter- and intra-office conferencing. This results in a

15   recommended reduction of $168 in fees to the Wagner firm and $4,553 in fees to the

16   Farmer firm, for the pre-directed verdict period only.

17   SECRETARIAL/ADMINISTRATIVE BILLING ENTRIES

18       42.    In its itemized billing entries, Boutin, Farmer and Wagner seek to recover

19   fees for services that are secretarial or administrative in nature and are therefore, in my

20   view, not compensable. Examples of these line item entries are set forth on the attached

21   schedule. It is not reasonable or standard in the community to bill time for services such as

22   updating the calendar, coordinating service on parties, and instructive or supervisory

23   meetings with staff.

24       43.    The court decision in *LeBlanc v. Secretary of Health and Human Services*,

25   1995 W.L. 695202 (Fed.Cl.) speaks to the issue of billing items traditionally considered a

26   part of overhead. "While that practice may be prevalent and even generally accepted in the

27   private sector, this court does not accept it as reasonable."

28       44.    I recommend reducing the fee request by $15,438.50 in fees based on the

KNAPP,
PETERSEN
& CLARKE

9

secretarial or administrative billing entries (pre-directed verdict only) set forth on the itemized billing statements.

JURY CONSULTANT FEES AND COSTS

45. Two invoices totaling $31,332.21 were submitted by Boutin in addition to their attorney fees and costs. These invoices were for jury consultant services provided by National Jury Project Trial Consultants. The two invoices were dated August 17, 2001 and April 22, 2002 and included $23,944.37 in fees and $7,387.84 in costs.

46. A $2,500 jury consultant retainer was advanced within Boutin's June 14, 2001 invoice. This amount was also included in the invoices submitted by National Jury Project Trial Consultants. I recommend a reduction in the amount of $2,500 for this error.

COSTS DISBURSEMENTS

47. The three firms submitted invoices including costs in the amount of $91,695.66.

48. Of the total amount of costs requested, $22,771.70 is requested for "Admin. Costs." No itemization is made within the invoice concerning this significant charge. There were also charges for expert/consultants fees and expenses as well as travel/mileage expenses in the amounts of $20,405.35 and $16,323.27, respectively. Supporting documentation is entirely lacking for all these costs. In addition, I am missing a page from the invoice dated May 15, 2002 in the amount of $6,511.22.

49. I do not recommend reimbursement for the post-tender portion of these categories of costs unless and until supporting documentation is provided. The resulting recommended reduction for costs is $29,844.15.

PRE-TENDER, POST-TENDER AND POST DIRECTED VERDICT ALLOCATION

50. It is my understanding it is agreed that the tender date on the underlying action is November 16, 2000. However, within the invoice dated December 11, 2000 there were some pre-tender fees and costs for which I recommend a reduction. This amount is $562.50 in fees, $80.49 in costs, for a total of $642.99.

///

51. On April 25, 2002, Pacific was granted a directed verdict as to the cross-complaint filed by Chivers. As stated in the summary fees and costs set forth on the attached schedule, there was a substantial amount billed in the time period after the directed verdict, in the amount of $262,744.75 in fees, $43,914.44 in costs for a total of $306,659.19. Separate from the above mentioned reductions, I believe a timeline allocation should be applied to the total fees and costs billed. This allocation would realize a reduction for all post-directed verdict fees and costs as non-compensable as a defense expense, since the cross complaint specific to Pacific's defense under the policy was dismissed.

## CONCLUSION

| | |
|---|---:|
| Total attorney fees | $753,790.66 |
| Jury consultant fees | $31,332.21 |
| Total Fees | $785,122.87 |
| Recommended Reductions: | |
| Pre-tender fees | ($562.50) |
| Post-Directed Verdict | ($262,744.75) |
| Missing invoice information | ($108,546.25) |
| Interoffice Conferencing (post tender only) | ($4,721.00) |
| Secretarial/Administrative billing entries (post tender only) | ($15,438.50) |
| Transient | ($4,073.75) |
| Fee Subtotal | $393,109.87 |
| Vague billing entries and block billing format (10%) | ($39,310.99) |
| **Total maximum fees** | **$353,798.88** |
| Total Costs | $91,695.66 |
| Pre-tender costs | ($80.49) |
| Post-directed verdict costs | ($43,914.43) |
| Jury Consultant fee advanced within invoice | ($2,500.00) |
| Undocumented costs | ($29,844.15) |
| **Total maximum costs** | **$15,356.59** |
| **Total maximum fees and costs** | **$369,155.47** |

KNAPP,
PETERSEN
& CLARKE

52.     In addition to my concerns about the reasonableness of the invoices presented, the invoices as presented did not allocate between affirmative and defense billing entries. As a result, it would be necessary to review deposition transcripts and additional work product in the underlying matter to determine what other possible reductions may be necessary to determine proper compensation for defense of the cross-complaint only.

53.     Pending receipt of missing invoice information and clarification of certain costs and billing entries, I believe that a reasonable, good faith reimbursement, at this time, should be no more than ½ of the maximum fees and costs, after reductions, of $7,678.30 in fees and in costs.

Executed this 7th day of January 2005 at Glendale, California.


ANDRÉ E. JARDINI

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Fees and Costs Billed per Statement
### Pre-Tender, Post-Tender and Post Directed Verdict
### Re: All Firms

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| Pre-Tender | | | |
| 12/11/2000 | $562.50 | $80.49 | $642.99 |
| Pre-Tender Total | $562.50 | $80.49 | $642.99 |
| Post-Tender | | | |
| 12/11/2000 | $5,054.00 | $239.66 | $5,293.66 |
| 2/22/2001 | $6,505.00 | $100.43 | $6,605.43 |
| 4/20/2001 | $12,755.00 | $519.95 | $13,274.95 |
| 5/21/2001 | $2,594.50 | $103.78 | $2,698.28 |
| 6/14/2001 | $1,275.00 | $2,551.00 | $3,826.00 |
| 7/18/2001 | $8,728.00 | $602.51 | $9,330.51 |
| 8/15/2001 | $53,971.00 | $2,692.44 | $56,663.44 |
| 9/13/2001 | $30,717.00 | $3,686.16 | $34,403.16 |
| 10/18/2001 | $425.00 | $18.50 | $443.50 |
| 11/12/2001 | $475.00 | $317.33 | $792.33 |
| 12/7/2001 | $75.00 | $3.00 | $78.00 |
| 2/13/2002 | $2,529.00 | $107.91 | $2,636.91 |
| 3/12/2002 | $21,209.75 | $2,318.05 | $23,527.80 |
| 4/19/2002 | $111,808.75 | $22,436.73 | $134,245.48 |
| 5/15/2002 | $140,665.75 | $12,003.28 | $152,669.03 |
| Post-Tender Total | $398,787.75 | $47,700.73 | $446,488.48 |
| Post Directed Verdict | | | |
| 5/15/2002 | $34,805.50 | $17,413.82 | $52,219.32 |
| 6/15/2002 | $38,241.75 | $18,663.69 | $56,905.44 |
| 8/12/2002 | $4,025.00 | $452.99 | $4,477.99 |
| 9/11/2002 | $9,429.25 | $387.43 | $9,816.68 |
| 10/3/2002 | $6,607.00 | $405.95 | $7,012.95 |
| 11/7/2002 | $1,746.50 | $69.86 | $1,816.36 |
| 12/4/2002 | $5,466.00 | $221.64 | $5,687.64 |
| 12/31/2002 | $22,150.00 | $495.15 | $22,645.15 |
| 1/9/2003 | $20,719.75 | ($1,047.43) | $19,672.32 |
| 1/31/2003 | $2,254.00 | $5.00 | $2,259.00 |

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| 1/31/2003 | $32,503.50 | $428.31 | $32,931.81 |
| 2/7/2003 | $23,057.00 | $2,290.14 | $25,347.14 |
| 2/28/2003 | $25,075.00 | $393.71 | $25,468.71 |
| 2/28/2003 | $1,170.00 | $0.00 | $1,170.00 |
| 3/4/2003 | $9,697.00 | $2,605.57 | $12,302.57 |
| 3/31/2003 | $225.00 | $280.14 | $505.14 |
| 4/3/2003 | $530.50 | $21.22 | $551.72 |
| 4/30/2003 | $350.00 | $0.00 | $350.00 |
| 5/5/2003 | $1,667.50 | $66.70 | $1,734.20 |
| 5/31/2003 | $8,875.00 | $153.65 | $9,028.65 |
| 6/4/2003 | $12,130.50 | $485.22 | $12,615.72 |
| 6/30/2003 | $200.00 | $49.01 | $249.01 |
| 7/14/2003 | $962.50 | $38.50 | $1,001.00 |
| 8/8/2003 | $27.50 | $1.10 | $28.60 |
| 9/4/2003 | $664.00 | $26.56 | $690.56 |
| 10/3/2003 | $165.00 | $6.51 | $171.51 |
| Post Directed Verdict Total | $262,744.75 | $43,914.44 | $306,659.19 |
| Total | $662,095.00 | $91,695.66 | $753,790.66 |

Boutin, Dentino, Gibson, DiGiusto, Hodell & West

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Fees and Costs Billed per Statement
### Pre-Tender, Post-Tender and Post Directed Verdict
### Re: Boutin, Dentino, Gibson, Di Giusto, Hodell and West

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| Pre-Tender | | | |
| 12/11/2000 | $562.50 | $80.49 | $642.99 |
| **Pre-Tender Total** | **$562.50** | **$80.49** | **$642.99** |
| Post-Tender | | | |
| 12/11/2000 | $5,054.00 | $239.66 | $5,293.66 |
| 2/22/2001 | $6,505.00 | $100.43 | $6,605.43 |
| 4/20/2001 | $12,755.00 | $519.95 | $13,274.95 |
| 5/21/2001 | $2,594.50 | $103.78 | $2,698.28 |
| 6/14/2001 | $1,275.00 | $2,551.00 | $3,826.00 |
| 7/18/2001 | $8,728.00 | $602.51 | $9,330.51 |
| 8/15/2001 | $53,971.00 | $2,692.44 | $56,663.44 |
| 9/13/2001 | $30,717.00 | $3,686.16 | $34,403.16 |
| 10/18/2001 | $425.00 | $18.50 | $443.50 |
| 11/12/2001 | $475.00 | $317.33 | $792.33 |
| 12/7/2001 | $75.00 | $3.00 | $78.00 |
| 2/13/2002 | $2,529.00 | $107.91 | $2,636.91 |
| 3/12/2002 | $21,209.75 | $2,318.05 | $23,527.80 |
| 4/19/2002 | $111,808.75 | $22,436.73 | $134,245.48 |
| 5/15/2002 | $140,665.75 | $12,003.28 | $152,669.03 |
| **Post-Tender Total** | **$398,787.75** | **$47,700.73** | **$446,488.48** |
| Post Directed Verdict | | | |
| 5/15/2002 | $34,805.50 | $17,413.82 | $52,219.32 |
| 6/15/2002 | $38,241.75 | $18,663.69 | $56,905.44 |
| 8/12/2002 | $4,025.00 | $452.99 | $4,477.99 |
| 9/11/2002 | $9,429.25 | $387.43 | $9,816.68 |
| 10/3/2002 | $6,607.00 | $405.95 | $7,012.95 |
| 11/7/2002 | $1,746.50 | $69.86 | $1,816.36 |
| 12/4/2002 | $5,466.00 | $221.64 | $5,687.64 |
| 1/9/2003 | $20,719.75 | ($1,047.43) | $19,672.32 |
| 2/7/2003 | $23,057.00 | $2,290.14 | $25,347.14 |
| 3/4/2003 | $9,697.00 | $2,605.57 | $12,302.57 |

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| 4/3/2003 | $530.50 | $21.22 | $551.72 |
| 5/5/2003 | $1,667.50 | $66.70 | $1,734.20 |
| 6/4/2003 | $12,130.50 | $485.22 | $12,615.72 |
| 7/14/2003 | $962.50 | $38.50 | $1,001.00 |
| 8/8/2003 | $27.50 | $1.10 | $28.60 |
| 9/4/2003 | $664.00 | $26.56 | $690.56 |
| 10/3/2003 | $165.00 | $6.51 | $171.51 |
| Post Directed Verdict Total | $169,942.25 | $42,109.47 | $212,051.72 |
| Total | $569,292.50 | $89,890.69 | $659,183.19 |

Famer, Murphy,
Smith & Alliston

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Fees and Costs Billed per Statement
### Pre-Tender, Post-Tender and Post Directed Verdict
### Re: Farmer, Murphy, Smith and Alliston

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| **Post Directed Verdict** | | | |
| 12/31/2002 | $22,150.00 | $495.15 | $22,645.15 |
| 1/31/2003 | $32,503.50 | $428.31 | $32,931.81 |
| 2/28/2003 | $25,075.00 | $393.71 | $25,468.71 |
| 3/31/2003 | $225.00 | $280.14 | $505.14 |
| 4/30/2003 | $350.00 | $0.00 | $350.00 |
| 5/31/2003 | $8,875.00 | $153.65 | $9,028.65 |
| 6/30/2003 | $200.00 | $49.01 | $249.01 |
| **Post Directed Verdict Total** | **$89,378.50** | **$1,799.97** | **$91,178.47** |
| **Total** | **$89,378.50** | **$1,799.97** | **$91,178.47** |

Wagner, Kirkman,
Blaine & Youmans

## PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
### Fees and Costs Billed per Statement
### Pre-Tender, Post-Tender and Post Directed Verdict
### Re: Wagner, Kirkman, Blaine and Youmans

| Statement Date | Fees Billed | Costs Billed | Total |
|---|---|---|---|
| **Post Directed Verdict** | | | |
| 1/31/2003 | $2,254.00 | $5.00 | $2,259.00 |
| 2/28/2003 | $1,170.00 | $0.00 | $1,170.00 |
| **Post Directed Verdict Total** | **$3,424.00** | **$5.00** | **$3,429.00** |
| **Total** | **$3,424.00** | **$5.00** | **$3,429.00** |



# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
### Index of Billing Personnel

| Timekeeper | California Bar Admittance Date | Rate | Hours Billed |
|---|---|---|---|
| **Partner** | | | |
| Blaine, Carl P. | 1975 | $235.00 | 1.90 |
| Campbell, Mark A. | 1980 | $250.00 | 256.40 |
| Farmer, Craig E. | 1974 | $250.00 | 77.40 |
| Gelhaar, Ned M. | 1992 | $185.00 | 19.90 |
| | | $195.00 | 139.30 |
| | | $205.00 | 524.70 |
| | | $215.00 | 38.20 |
| Gibson, Chris | 1976 | $225.00 | 8.60 |
| | | $250.00 | 236.60 |
| | | $265.00 | 704.60 |
| | | $275.00 | 118.70 |
| Murphy, George E. | 1989 | $250.00 | 20.45 |
| Wagner, Belan Kirk | 1976 | $325.00 | 0.60 |
| West, R. Michael | 1978 | $275.00 | 0.25 |
| | | $325.00 | 15.60 |
| **(8) $241.04 Partner Total (63.48%)** | | | **2,163.20** |
| **Associate** | | | |
| Chase, Michael E. | 1998/NY; 2001/CA | $165.00 | 127.50 |
| | | $185.00 | 0.50 |
| Cook, Kellie A. | 2000 | $125.00 | 172.00 |
| | | $135.00 | 36.90 |
| Farmer, Kara E. | 2004 | $80.00 | 10.20 |
| Girard, Roy R. | 1982 | $215.00 | 7.50 |
| | | $225.00 | 5.20 |
| Green, Stephen M. | 2002 | $75.00 | 15.40 |
| Keefe, Carolyn S. | 2002 | $75.00 | 17.35 |

| | | | |
|---|---|---|---|
| Rogers, Danielle Y. | 2000 | $135.00 | 132.40 |
| | | $145.00 | 24.30 |
| Slaton, Jeffrey B. | 1999 | $145.00 | 2.50 |
| (8) $136.72 Associate Total (16.19%) | | | 551.75 |
| **Other Billing Personnel** | | | |
| Mulligan, Jack | N/A | $80.00 | 0.70 |
| Stuckey, Sheryl S. | N/A | $85.00 | 91.70 |
| | | $95.00 | 564.50 |
| | | $105.00 | 36.00 |
| (2) $94.18 Other Billing Personnel Total (20.33%) | | | 692.90 |
| (18) $194.29 All Timekeepers Total | | | 3,407.85 |

TOTAL HOURS BILLED

PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW

**Total Hours Billed per Statement**

**Pre-Tender, Post-Tender and Post Directed Verdict**

**Re: All Firms**

| Timekeeper | Pre-Tender 12/11/2000 | Pre-Tender Total | Post-Tender | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 12/11/2000 | 2/22/2001 | 4/20/2001 | 5/21/2001 | 6/14/2001 | 7/18/2001 | 8/15/2001 | 9/13/2001 | 10/8/2001 | 11/12/2001 |
| Blaine, Carl P. | | 0.00 | | | | | | | | | | |
| Campbell, Mark A. | | 0.00 | | | | | | | | | | |
| Chase, Michael E. | | 0.00 | | | | | | | | | | |
| Cook, Kellie A. | | 0.00 | | | 49.30 | 6.00 | 2.00 | 49.20 | 65.50 | | | |
| Farmer, Craig E. | | 0.00 | | | | | | | | | | |
| Farmer, Kara E. | | 0.00 | | | | | | | | | | |
| Gelhaar, Ned M. | | 0.00 | 19.90 | 11.50 | 1.50 | 0.10 | | 0.40 | 74.50 | 51.30 | | |
| Gibson, Chris | 2.50 | 2.50 | 6.10 | 15.60 | 25.20 | 7.30 | 4.10 | 10.00 | 107.90 | 62.60 | 1.70 | 1.90 |
| Girard, Roy R. | | 0.00 | | | | | | | | | | |
| Green, Stephen M. | | 0.00 | | | | | | | 13.10 | 2.30 | | |
| Keefe, Carolyn S. | | 0.00 | | | | | | | 3.85 | 0.50 | | |
| Mulligan, Jack | | 0.00 | | | | | | | | | | |
| Murphy, George E. | | 0.00 | | | | | | | | | | |
| Rogers, Danielle Y. | | 0.00 | | | | | | | | | | |
| Slaton, Jeffrey B. | | 0.00 | | 2.50 | | | | | | | | |
| Stuckey, Sheryl S. | | 0.00 | | | | | | | 34.60 | 57.10 | | |
| Wagner, Belan Kirk | | 0.00 | | | | | | | | | | |
| West, R. Michael | | 0.00 | | | | | | | 0.25 | | | |
| Total | 2.50 | 2.50 | 26.00 | 29.60 | 6.00 | 13.40 | 6.10 | 59.60 | 299.70 | 173.80 | 1.70 | 1.90 |

| Timekeeper | Post-Tender | | | | | Post-Tender Total | Post Directed Verdict | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/7/2001 | 2/13/2002 | 3/12/2002 | 4/19/2002 | 5/15/2002 | | 5/15/2002 | 6/15/2002 | 8/12/2002 | 9/11/2002 | 10/2/2002 | 10/7/2002 |
| Blaine, Carl P. | | | | | | 0.00 | | | | | | |
| Campbell, Mark A. | | | | | | 0.00 | | | | | | |
| Chase, Michael E. | | | | | 28.20 | 28.20 | 73.00 | 23.90 | 1.90 | | 0.50 | |
| Cook, Kellie A. | | | 1.60 | 28.70 | | 202.30 | 6.60 | | | | | |
| Farmer, Craig E. | | | | | | 0.00 | | | | | | |
| Farmer, Kara E. | | | | | | 0.00 | | | | | | |
| Gelhaar, Ned M. | | 4.30 | | 155.20 | 56.50 | 375.20 | 232.10 | 75.30 | | | | |
| Gibson, Chris | 0.30 | 5.50 | 64.00 | 210.30 | 47.50 | 570.00 | 208.30 | 47.90 | 12.20 | 26.10 | 11.80 | 3.60 |
| Girard, Roy R. | | | | | | 0.00 | | | | | | |
| Green, Stephen M. | | | | | | 15.40 | | | | | | |
| Keefe, Carolyn S. | | | | 13.00 | | 17.35 | | | | | | |
| Mulligan, Jack | | | | | | 0.00 | | | 0.70 | | | |
| Murphy, George E. | | | | | | 0.00 | | | | | | |
| Rogers, Danielle Y. | | | 22.80 | 12.10 | | 34.90 | 17.90 | 1.30 | | 17.80 | 3.00 | 5.80 |
| Slaton, Jeffrey B. | | | | | | 2.50 | | | | | | |
| Stuckey, Sheryl S. | | 2.00 | 5.10 | 182.20 | 34.70 | 315.70 | 262.90 | 35.20 | | 0.30 | 31.50 | 0.10 |
| Wagner, Belan Kirk | | | | | | 0.00 | | | | | | |
| West, R. Michael | | | 1.45 | 1.45 | | 3.15 | 0.75 | 8.15 | 1.30 | 0.25 | | |
| Total | 0.30 | 11.80 | 94.95 | 602.95 | 166.90 | 1,564.70 | 801.55 | 191.75 | 16.10 | 44.45 | 46.80 | 9.50 |

K:\08003\0001\misc\excel\FarmerMurphyGlobalHours

| Timekeeper | 12/4/2002 | 12/31/2002 | 1/9/2003 | 1/31/2003 | 2/7/2003 | 2/28/2003 | 3/4/2003 | 3/31/2003 | 4/3/2003 | 4/30/2003 | 5/5/2003 | 5/30/2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Post Directed Verdict | | | | | | |
| Blaine, Carl P. | | | | 1.90 | | | | | | | | |
| Campbell, Mark A. | | 57.00 | | 86.30 | 81.80 | | | 0.90 | | 1.40 | | 28.20 |
| Chase, Michael E. | | | | | | 0.50 | | | | | | |
| Cook, Kellie A. | | | | | | | | | | | | |
| Farmer, Craig E. | | 13.90 | | 37.70 | 18.50 | | | | | | | 7.30 |
| Farmer, Kara E. | | | | 10.20 | | | | | | | | |
| Gelhaar, Ned M. | | | 1.30 | | | 38.20 | | | | | | |
| Gibson, Chris | 13.90 | | 53.50 | | | 38.40 | 25.30 | | 1.70 | | 5.80 | |
| Girard, Roy R. | | | | 7.50 | 5.20 | | | | | | | |
| Green, Stephen M. | | | | | | | | | | | | |
| Keefe, Carolyn S. | | | | | | | | | | | | |
| Mulligan, Jack | | | | | | | | | | | | |
| Murphy, George E. | | 17.70 | | 2.75 | | | | | | | | |
| Rogers, Danielle Y. | 10.60 | | 41.10 | | | 11.10 | 6.80 | | | | 0.50 | |
| Slaton, Jeffrey B. | | | | | | | | | | | | |
| Stuckey, Sheryl S. | 3.70 | | 6.80 | | | 18.40 | 16.70 | | 0.60 | | | |
| Wagner, Belan Kirk | | | | 0.60 | | | | | | | | |
| West, R. Michael | | | 0.25 | | | 2.00 | | | | | | |
| Total | 28.20 | 88.60 | 102.95 | 146.95 | 105.50 | 108.60 | 48.80 | 0.90 | 2.30 | 1.40 | 6.30 | 35.50 |

| Timekeeper | Post Directed Verdict | | | | | | Post Directed Verdict | Grand Total |
|---|---|---|---|---|---|---|---|---|
| | 6/4/2003 | 6/30/2003 | 7/4/2003 | 8/8/2003 | 9/4/2003 | 10/3/2003 | | |
| Blaine, Carl P. | | | | | | | 1.90 | 1.90 |
| Campbell, Mark A. | | 0.80 | | | | | 256.40 | 256.40 |
| Chase, Michael E. | | | | | | | 99.80 | 128.00 |
| Cook, Kellie A. | | | | | | | 6.60 | 208.90 |
| Farmer, Craig E. | | | | | | | 77.40 | 77.40 |
| Farmer, Kara E. | | | | | | | 10.20 | 10.20 |
| Gelhaar, Ned M. | | | | | | | 346.90 | 722.10 |
| Gibson, Chris | 41.00 | | 3.50 | 0.10 | 2.30 | 0.60 | 496.00 | 1,068.50 |
| Girard, Roy R. | | | | | | | 12.70 | 12.70 |
| Green, Stephen M. | | | | | | | 0.00 | 15.40 |
| Keefe, Carolyn S. | | | | | | | 0.00 | 17.35 |
| Mulligan, Jack | | | | | | | 0.70 | 0.70 |
| Murphy, George E. | | | | | | | 20.45 | 20.45 |
| Rogers, Danielle Y. | 5.90 | | | | | | 121.80 | 156.70 |
| Slaton, Jeffrey B. | | | | | | | 0.00 | 2.50 |
| Stuckey, Sheryl S. | | | | | 0.30 | | 376.50 | 692.20 |
| Wagner, Belan Kirk | | | | | | | 0.60 | 0.60 |
| West, R. Michael | | | | | | | 12.70 | 15.85 |
| Total | 46.90 | 0.80 | 3.50 | 0.10 | 2.60 | 0.60 | 1,840.65 | 3,410.85 |

K:\08003\00001\misc\excel\FarmerMurphyGlobalHours

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
## Outline of Services

| From | Date To | Firm | Description | Timekeeper | Hours Billed |
|------|------|------|-------------|------------|-------------|
| **Pre Directed Verdict** | | | | | |
| 11/21/2000 | | Boutin,Dentino | Outline pre-trial work and review Contra Costa County court rules | CG | 1.30 |
| 11/22/2000 | 11/28/2000 | Boutin,Dentino | Review venue issues and prepare motion to transfer venue/reconsideration | CG, NMG | 20.30 |
| 12/1/2000 | 12/31/2000 | Boutin,Dentino | No invoice or billing information submitted | | |
| 1/5/2001 | 1/15/2001 | Boutin,Dentino | Prepare reply to opposition to motion to transfer venue | CG, NMG, JBS | 22.60 |
| 1/29/2001 | | Boutin,Dentino | Prepare for and attend meeting with Nick Kalanges | CG | 2.50 |
| 2/1/2001 | 2/28/2001 | Boutin,Dentino | No invoice or billing information submitted | | |
| 3/5/2001 | 7/23/2001 | Boutin,Dentino | Prepare trial brief, including research regarding which claims/defense should be heard by court, not the jury | KAC, CG | 133.10 |
| 3/5/2001 | 8/22/2001 | Boutin,Dentino | Trial preparation, including notice to produce witness and documents at trial, motions in limine, motion to amend answer, special verdict and coordination of new trial date | CG, SSS, NMG | 227.50 |
| 3/6/2001 | | Boutin,Dentino | Meeting with N. Kalanges and J. Thompson regarding strategy | CG | 1.00 |
| 3/11/2001 | | Boutin,Dentino | Legal research regarding conflicts of interest for attorneys employed by U.S. government | DYR | 1.00 |
| 4/26/2001 | 4/27/2001 | Boutin,Dentino | Review Almaula's deposition and exhibits | CG | 3.90 |
| 5/21/2001 | | Boutin,Dentino | Prepare for and participate in telephone conference with Karen Koonan regarding case facts and issues | CG | 2.50 |
| 5/31/2001 | 6/13/2001 | Boutin,Dentino | PCBP motion for directed verdict on Chivers' cross complaint | KAC | 14.50 |
| 6/21/2001 | 7/25/2001 | Boutin,Dentino | Research regarding impeachment v. opinion testimony | KAC | 20.30 |
| 6/26/2001 | 7/5/2001 | Boutin,Dentino | Opposition to motion to quash Hillman subpoena | CG | 2.40 |
| 7/11/2001 | 7/18/2001 | Boutin,Dentino | PCBP motion for separate trial on equitable claims | CG | 9.70 |

| | Date | | | | | |
|---|---|---|---|---|---|---|
| From | To | Firm | Description | Timekeeper | Hours Billed |

| From | To | Firm | Description | Timekeeper | Hours Billed |
|---|---|---|---|---|---|
| 7/13/2001 | | Boutin,Dentino | Prepare for and attend meeting with D. Lucchetti and N. Kalanges | CG | 2.40 |
| 7/19/2001 | 8/1/2001 | Boutin,Dentino | Legal research regarding lost profits remedy for fraud action | SMG | 12.20 |
| 7/23/2001 | | Boutin,Dentino | Legal research regarding statute of limitations on infliction of emotion distress | CSK | 3.00 |
| 7/24/2001 | | Boutin,Dentino | Prepare for and attend mock trial | CG, NMG | 28.80 |
| 7/25/2001 | | Boutin,Dentino | Prepare for and attend meeting with Karen Koonan for witness preparation | NMG, CG | 10.70 |
| 7/26/2001 | | Boutin,Dentino | Prepare, travel and attend meeting with Mutta | NMG | 10.80 |
| 7/30/2001 | | Boutin,Dentino | Meeting in Oakland with jury consultant to prepare trial testimony | CG | 9.50 |
| 7/30/2001 | | Boutin,Dentino | Prepare, travel and attend meeting with Mutta | NMG | 7.40 |
| 7/31/2001 | | Boutin,Dentino | Prepare for and travel to Reno for meeting with Hunter | NMG | 4.60 |
| 8/1/2001 | | Boutin,Dentino | Prepare for and attend meeting with Gary Hunter | NMG | 3.40 |
| 8/1/2001 | | Boutin,Dentino | Travel to Oakland | CG | 2.00 |
| 8/2/2001 | | Boutin,Dentino | Return travel from Reno | NMG | 2.50 |
| 8/3/2001 | | Boutin,Dentino | Appear for trial | CG | 9.10 |
| 8/29/2001 | | Boutin,Dentino | Legal research regarding dismissal under five-year statute | CG | 1.30 |
| 9/26/2001 | 9/27/2001 | Boutin,Dentino | Prepare stipulation and order continuing trial | CG | 0.90 |
| 10/1/2001 | 10/31/2001 | Boutin,Dentino | Telephone conference and letters to witnesses, experts about trial | CG | 1.90 |
| 11/21/2001 | | Boutin,Dentino | Prepare memo regarding rebuttal experts at trial | CG | 0.30 |
| 1/22/2002 | 4/23/2002 | Boutin,Dentino | Trial preparation for continued trial | CG, DYR, KAC, SSS, NMG, RMW | 273.20 |
| 1/31/2002 | | Boutin,Dentino | Prepare for and attend meeting with Greg Cherry | NMG | 1.50 |
| 2/13/2002 | 2/14/2002 | Boutin,Dentino | Prepare for deposition of Satish Almaula | CG | 5.50 |
| 2/14/2002 | | Boutin,Dentino | Prepare for deposition of Allman | CG | 3.60 |
| 2/15/2002 | | Boutin,Dentino | Prepare for and attend deposition of Allman | CG | 4.10 |

| From | Date To | Firm | Description | Timekeeper | Hours Billed |
|------|---------|------|-------------|------------|--------------|
| 2/15/2002 | | Boutin,Dentino | Prepare for and attend deposition of Almaula | CG | 4.10 |
| 2/18/2002 | 3/22/2002 | Boutin,Dentino | Prepare summary of deposition of Allman | CG, CSK | 6.70 |
| 2/18/2002 | 3/29/2002 | Boutin,Dentino | Prepare summary of deposition of Almaula | CG, KAC | 6.80 |
| 2/19/2002 | 2/21/2002 | Boutin,Dentino | Research and memo regarding exclusion of speculative damages | DYR | 11.90 |
| 3/5/2002 | 3/6/2002 | Boutin,Dentino | Legal research regarding exclusion of Wigert testimony and admissibility of survey evidence | DYR | 7.70 |
| 3/5/2002 | 3/7/2002 | Boutin,Dentino | Prepare for Chivers deposition | CG | 8.00 |
| 3/7/2002 | 3/11/2002 | Boutin,Dentino | Legal research regarding exam of Allman using Ibbotson treatise | KAC | 5.00 |
| 3/8/2002 | | Boutin,Dentino | Prepare for and attend Chivers deposition | CG | 5.00 |
| 3/11/2002 | | Boutin,Dentino | Travel to and attend meeting with Dan Krupa | NMG | 6.80 |
| 3/12/2002 | | Boutin,Dentino | Prepare for meeting with Muth, Cherry and Dinwiddie | NMG | 8.00 |
| 3/12/2002 | | Boutin,Dentino | Travel to Reno for meeting with Adams and Hunter | NMG | 3.70 |
| 3/13/2002 | | Boutin,Dentino | Prepare for and attend meeting with Adams and Cherry | NMG | 10.60 |
| 3/14/2002 | | Boutin,Dentino | Prepare for and attend deposition of Chuck Peterson | CG | 10.10 |
| 3/14/2002 | | Boutin,Dentino | Prepare for, travel and attend meeting with Hunter | NMG | 7.30 |
| 3/15/2002 | | Boutin,Dentino | Travel to and attend meeting with experts Ploense, Glass and Dinwiddie | CG, NMG | 14.70 |
| 3/16/2002 | | Boutin,Dentino | Prepare for and defend deposition of Ploense and Glass | NMG | 0.70 |
| 3/18/2002 | | Boutin,Dentino | Meeting with Al Mueller in Newark | CG | 11.10 |
| 3/18/2002 | | Boutin,Dentino | Prepare summary of depositions of Ploense and Glass | NMG | 2.00 |
| 3/18/2002 | | Boutin,Dentino | Prepare for deposition of Williams | NMG | 2.70 |
| 3/19/2002 | | Boutin,Dentino | Travel to and prepare for meeting with Williams | NMG | 6.30 |
| 3/20/2002 | | Boutin,Dentino | Prepare for and attend meeting with Williams | NMG | 8.90 |
| 3/20/2002 | 3/21/2002 | Boutin,Dentino | Prepare summary of deposition of Chivers | KAC | 5.20 |

| From | Date To | Firm | Description | Timekeeper | Hours Billed |
|------|---------|------|-------------|------------|--------------|
| 3/21/2002 | | Boutin,Dentino | Prepare, travel and attend meeting with Williams | NMG | 10.30 |
| 3/22/2002 | | Boutin,Dentino | Trial call in Oakland | CG, NMG, SSS | 23.10 |
| 3/25/2002 | 3/29/2002 | Boutin,Dentino | Prepare summary of deposition of Petersen | CSK | 28.50 |
| 3/26/2002 | | Boutin,Dentino | Travel to Oakland | CG, NMG | 5.00 |
| 3/27/2002 | | Boutin,Dentino | Attend trial | CG, NMG, SSS | 29.50 |
| 3/28/2002 | | Boutin,Dentino | Attend trial | CG, NMG, SSS | 25.80 |
| 4/19/2002 | | Boutin,Dentino | Travel from Oakland | NMG | 2.50 |
| 4/19/2002 | | Boutin,Dentino | Participate in telephone conference with Chivers' counsel regarding jury instructions | MEC | 1.70 |
| 4/19/2002 | 4/20/2002 | Boutin,Dentino | Summarize and outline Vapnick depositions and prepare for deposition | NMG | 7.60 |
| 4/20/2002 | | Boutin,Dentino | Travel to Oakland | NMG | 2.50 |
| 4/21/2002 | | Boutin,Dentino | Travel to Oakland | CG, SSS | 5.00 |
| 4/22/2002 | | Boutin,Dentino | Attend trial | CG, SSS, NMG | 34.00 |
| 4/23/2002 | | Boutin,Dentino | Attend trial | CG, SSS, NMG | 36.80 |
| 4/24/2002 | | Boutin,Dentino | Attend trial | CG, SSS, NMG, MEC | 38.50 |
| 4/25/2002 | | Boutin,Dentino | Attend trial | CG, SSS, MEC | 35.10 |
| 4/25/2002 | | Boutin,Dentino | Travel from Oakland | NMG | 2.50 |
| 4/25/2002 | 4/28/2002 | Boutin,Dentino | Research regarding oral motion for reconsideration and directed verdict, including slander of title elements | NMG, KAC, DYR, MEC | 43.50 |
| | | | **Total for Pre Directed Verdict** | | **1,346.50** |

**Post Directed Verdict**

| From | Date To | Firm | Description | Timekeeper | Hours Billed |
|------|---------|------|-------------|------------|--------------|
| 4/26/2002 | | Boutin,Dentino | Attend trial | CG, SSS, MEC | 24.30 |
| 4/27/2002 | 4/28/2002 | Boutin,Dentino | Prepare closing argument | CG, SSS, MEC | 24.60 |
| 4/29/2002 | | Boutin,Dentino | Hearing on motion for reconsideration, argue jury instructions, prepare closing and travel | CG, SS, MEC, NMG | 32.20 |
| 5/2/2002 | | Boutin,Dentino | Appear at court regarding jury replacement | SSS, NMG | 4.00 |
| 5/3/2002 | | Boutin,Dentino | Travel to Sacramento | SSS | 3.00 |

| | Date | | | | |
|---|---|---|---|---|---|
| From | To | Firm | Description | Timekeeper | Hours Billed |
| 5/3/2002 | 5/8/2002 | Boutin,Dentino | Prepare closing brief | NMG, MEC, SSS, CG | 55.10 |
| 5/9/2002 | | Boutin,Dentino | Prepare reply letter to Judge Kraetzer regarding DeVito letter | CG | 0.80 |
| 5/14/2002 | 5/31/2002 | Boutin,Dentino | Reply to Chivers' closing brief | CG, MEC, NMG, RMW, SSS | 70.30 |
| 5/26/2002 | | Boutin,Dentino | Travel from Oakland | SSS, MEC | 5.00 |
| 7/1/2002 | 7/30/2002 | Boutin,Dentino | No invoice or billing information submitted | | |
| 7/10/2002 | 7/12/2002 | Boutin,Dentino | Prepare letter to Al Mueller and Nick Kalanges regarding status and future proceedings | CG | 4.90 |
| 7/10/2002 | 7/20/2002 | Boutin,Dentino | Request for statement of decision | CG, MEC, RMW | 7.30 |
| 8/9/2002 | 8/21/2002 | Boutin,Dentino | Review proposed statement of decision and judgment and prepare objections | CG | 17.20 |
| 8/9/2002 | 10/7/2002 | Boutin,Dentino | Research standard for an award of attorney fees and costs, including apportionment | DYR, CG | 25.60 |
| 9/4/2002 | | Boutin,Dentino | Review Chivers' response to object to statement of decision; letter to Judge Kraetzer | CG | 0.90 |
| 9/5/2002 | 9/6/2002 | Boutin,Dentino | Prepare reply to Chivers' response to objection to proposed judgment | CG | 6.30 |
| 9/13/2002 | 11/6/2002 | Boutin,Dentino | Prepare cost bill | SSS, CG | 35.00 |
| 10/23/2002 | | Boutin,Dentino | Letter to Nick Kalanges and Al Mueller | CG | 1.30 |
| 11/5/2002 | | Boutin,Dentino | Prepare for and attend meeting with N. Kalanges to review case status | CG | 3.00 |
| 11/22/2002 | 11/29/2002 | Boutin,Dentino | Motion to tax costs | DYR, CG | 14.00 |
| 12/6/2002 | | Boutin,Dentino | Attend Chivers' ex parte on briefing issues | CG | 2.00 |
| 12/6/2002 | | Wagner, Kirkman | Legal research regarding reversible error | RRG | 1.50 |
| 12/9/2002 | | Wagner, Kirkman | Conference with Nick Kalanges | RRG, BKW | 1.80 |
| 12/11/2002 | | Farmer, Murphy | Conference call with J. Thompson and N. Kalanges | CEF, MAC | 2.40 |
| 12/11/2002 | | Farmer, Murphy | Research UTSA and review documents | GEM | 0.80 |
| 12/11/2002 | | Wagner, Kirkman | Telephone conference with Farmer, Thompson and Kalanges | RRG | 1.00 |

| From | To | Firm | Description | Timekeeper | Hours Billed |
|---|---|---|---|---|---|
| 12/11/2002 | 12/12/2002 | Boutin,Dentino | Reply to opposition to PCBP motion to tax costs | DYR, CG | 9.20 |
| 12/12/2002 | | Farmer, Murphy | Review and analysis of pleadings, statement of decision and judgment | MAC | 2.00 |
| 12/12/2002 | 12/16/2002 | Farmer, Murphy | Research regarding application of section 3426.4 | MAC | 5.70 |
| 12/14/2002 | 12/9/2002 | Boutin,Dentino | Opposition to Chivers' motion to tax costs | CG, DYR | 28.30 |
| 12/16/2002 | | Boutin,Dentino | Review and analysis of Chivers' reply brief | DYR | 2.00 |
| 12/17/2002 | | Boutin,Dentino | Meeting with Craig Farmer and Mark Campbell, prepare summary memo | CG | 2.70 |
| 12/18/2002 | | Farmer, Murphy | Research cases and issues relevant to fees motion; analysis of potential appeal | GEM, MAC | 9.00 |
| 12/18/2002 | 12/20/2002 | Farmer, Murphy | Drafter letter to client warning of risks associated with standard of review on appeal | MAC | 6.30 |
| 12/20/2002 | | Farmer, Murphy | Telephone conference with Kalanges, Luchetti and Thompson regarding foregoing appeal | CEF, MAC | 1.40 |
| 12/20/2002 | | Wagner, Kirkman | Review former opinion letter and conference with N. Kalanges regarding notice of appeal | CPB | 1.50 |
| 12/20/2002 | 12/30/2002 | Farmer, Murphy | Review documents and legal research regarding possible appeal and opposition to fees motion | GEM, MAC | 17.80 |
| 12/21/2002 | 2/14/2003 | Farmer, Murphy | Review case file information and research in preparation of opposition to Chivers' motion for attorney fees and sanctions | MAC, GEM, KF, CEF | 147.40 |
| 12/31/2002 | | Farmer, Murphy | Research law regarding CCP 128.5 and safe harbor under 128.7 | MAC | 3.60 |
| 1/1/2003 | 1/2/2003 | Farmer, Murphy | Research application of collateral estoppel in malicious prosecution action | MAC | 1.90 |
| 1/2/2003 | | Boutin,Dentino | Prepare for and attend meeting with Craig Farmer and Mark Campbell | RMW, CG | 4.60 |
| 1/2/2003 | 2/13/2003 | Boutin,Dentino | Opposition to Chivers' motion for attorney fees | CG, SSS, NMG, DYR | 84.20 |
| 1/6/2003 | | Wagner, Kirkman | Review Chivers' attorney fee motion; conference with N. Kalanges | RRG | 4.80 |
| 1/7/2003 | | Farmer, Murphy | Develop chronology regarding opposition brief on genuine issues | CEF | 4.30 |
| 1/8/2003 | | Farmer, Murphy | Letter to N. Kalanges regarding status | MAC | 1.40 |
| 1/8/2003 | 1/10/2003 | Farmer, Murphy | Motion to continue, including ex parte and review of documents | MAC, CEF | 23.80 |

| Date | | | | | |
|------|------|------|-------------|------------|-------------|
| **From** | **To** | **Firm** | **Description** | **Timekeeper** | **Hours Billed** |
| 1/13/2003 | | Farmer, Murphy | Appear at ex parte regarding motion to continue | MAC | 6.20 |
| 1/16/2003 | | Farmer, Murphy | Appear at hearing on motion to continue, including travel | MAC | 5.30 |
| 1/24/2003 | 2/4/2003 | Boutin,Dentino | Opposition to sanctions motion | CG, NMB | 25.50 |
| 1/31/2003 | | Boutin,Dentino | Apportionment of attorney fees for motion | DYR, NMG | 4.20 |
| 2/6/2003 | | Farmer, Murphy | Meeting with N. Kalanges and edit brief | MAC | 4.20 |
| 4/24/2003 | 4/25/2003 | Boutin,Dentino | Review opposition brief and research Olmstead case, letter to Judge Kraetzer regarding same | CG, DYR | 5.60 |
| 5/9/2003 | 5/20/2003 | Boutin,Dentino | Review Chivers' reply in support of motion for attorney fees and draft objections | CG, DYR | 21.00 |
| 5/14/2003 | 5/22/2003 | Farmer, Murphy | Review Chivers' reply and prepare for hearing | MAC, CEF | 14.80 |
| 5/21/2003 | 5/22/2003 | Boutin,Dentino | Prepare for attorney fee hearing | CG | 13.90 |
| 5/22/2003 | | Farmer, Murphy | Meeting with N. Kalanges regarding hearing status of case | MAC | 1.70 |
| 5/23/2003 | | Farmer, Murphy | Prepare, travel and attend hearing on motion for attorney fees and sanctions | MAC | 11.20 |
| 5/23/2003 | | Boutin,Dentino | Prepare for, travel and attend hearing on motion for attorney fees and sanctions, memo regarding same | CG | 9.40 |
| 6/5/2003 | 6/6/2003 | Boutin,Dentino | Compare ruling to motion, prepare order | CG | 1.30 |
| 8/26/2003 | | Boutin,Dentino | Review exhibit list and protective order on return of confidential documents | CG | 1.30 |
| | | | **Total for Post Directed Verdict** | | **831.80** |
| | | | **Total** | | **2,178.30** |

INTER-OFFICE
COMMUNICATIONS

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
## Examples of Interoffice Communications

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| Boutin, Dentino, Gibson, Di Giusto, Hodell and West | | | | | |
| 12/11/2000 | 11/22/2000 | NMG | Discussion with Chris Gibson re: motion to transfer venue | 0.20 | $37.00 |
| 2/22/2001 | 1/9/2001 | CG | Meeting with Ned Gelhaar to outline reply in support of motion to change venue | 0.50 | $125.00 |
| 4/20/2001 | 3/5/2001 | KAC | Conference with Chris Gibson re: trial brief setting forth (1) which claims, issues, relief and defenses will be heard by the judge, and which will be heard by the jury, and (2) in what proper order | 0.80 | $100.00 |
| 7/18/2001 | 6/22/2001 | NMG | Discussion with Chris Gibson re: strategy for jury consultant meeting | 0.40 | $78.00 |
| 8/15/2001 | 6/1/2001 | KAC | Conference with Chris Gibson re: same | 0.50 | $62.50 |
| 8/15/2001 | 7/19/2001 | NMG | Discussion with Sheri Stuckey re: document preparation | 0.20 | $39.00 |
| 9/13/2001 | 8/4/2001 | NMG | Discussion with Sheri Stuckey re: trial logistics | 0.50 | $97.50 |
| 2/13/2002 | 1/23/2002 | SSS | Prepare memo to Chris Gibson and Ned Gelhaar re: witness outlines | 0.50 | $47.50 |
| 3/12/2002 | 2/18/2002 | CG | Memo to Dani Rogers about damages claim | 0.70 | $185.50 |
| 4/19/2002 | 3/29/2002 | KAC | Conference with Chris Gibson re: strategy | 0.50 | $67.50 |
| 5/15/2002 | 4/28/2002 | MEC | Strategize with Ned Gelhaar re: motion for directed verdict on slander of title claim | 1.40 | $231.00 |
| 8/12/2002 | 7/10/2002 | RMW | Conference with Chris Gibson and Mike Chase re: alternatives; strategy; appeal | 0.50 | $162.50 |
| 9/11/2002 | 8/12/2002 | SSS | Telephone conversation with Nick in Dept 16 re: picking up original exhibits | 0.10 | $9.50 |
| 10/3/2002 | 9/20/2002 | MEC | Strategize with Chris Gibson re: potential post-trial motions, cost issues and appeal | 0.50 | $82.50 |
| 10/3/2002 | 9/24/2002 | DYR | Draft memorandum to Chris Gibson re: same | 0.50 | $67.50 |
| 11/7/2002 | 10/7/2002 | DYR | Continue drafting memorandum to Chris Gibson re: apportionment | 0.90 | $121.50 |
| 12/4/2002 | 11/19/2002 | DYR | Meeting with Chris Gibson re: enforcement of sanctions award, apportionment, and costs motion | 0.30 | $40.50 |

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| 1/9/2003 | 12/16/2002 | DYR | Draft memorandum to Chris Gibson re: same | 0.90 | $121.50 |
| 2/7/2003 | 1/31/2003 | NMG | Discussion with Danielle Rogers re: same and preparation and redaction of bills; discussion with Chris Gibson re: same | 0.60 | $129.00 |
| 3/4/2003 | 2/7/2003 | DYR | Meeting with Chris Gibson re: attorney fee apportionment | 0.60 | $87.00 |
| 6/4/2003 | 5/22/2003 | DYR | Meeting with Chris Gibson re: same | 0.20 | $55.00 |
| 9/4/2003 | 8/26/2003 | SSS | Discuss with Mr. Gibson | 0.10 | $10.50 |

| | | | Farmer, Murphy, Smith and Alliston | | |
|---|---|---|---|---|---|
| 12/31/2002 | 12/11/2002 | CEF | Meeting with GEM, MAC to address request for assistance from R. Girard and Pacific Coast Building Products and strategies for handling motion for attorney fees and possible appeal | 0.50 | $125.00 |
| 1/31/2003 | 1/16/2003 | CEF | Telephone call with MAC re: continuance and possible 128.7 motion with opposition | 0.20 | $50.00 |
| 2/28/2003 | 2/13/2003 | MAC | Meeting with C. Gibson conforming the brief to his declaration and the exhibits | 2.50 | $625.00 |
| 3/31/2003 | 3/13/2003 | MAC | Telephone call to Roy Girard making sure he has entire brief with exhibits and pending briefing and hearing dates | 0.30 | $75.00 |
| 5/31/2003 | 5/21/2003 | CEF | Prehearing meeting with G. Gibson and MAC | 2.00 | $500.00 |
| 6/30/2003 | 6/5/2003 | MAC | Telephone call C. Gibson re: ruling on Chivers' motions | 0.15 | $37.50 |

| | | | Wagner, Kirkman, Blaine and Youmans | | |
|---|---|---|---|---|---|
| 1/31/2003 | 12/11/2002 | RRG | Telephone conference with Farmer | 0.20 | $43.00 |
| 1/31/2003 | 12/12/2002 | RRG | Telephone conference with Farmer; review correspondence from Farmer | 0.30 | $64.50 |
| 1/31/2003 | 12/17/2002 | RRG | Prepare letter to Craig Farmer | 2.00 | $430.00 |
| 1/31/2003 | 12/20/2002 | CPB | Telephone conference with Mark Campbell | 0.20 | $47.00 |



# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
## Examples of Overhead

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| **Boutin, Dentino, Gibson, Di Giusto, Hodell and West** | | | | | |
| 12/11/2000 | 11/17/2000 | CG | Schedule new trial related dates | 0.60 | $135.00 |
| 5/21/2001 | 4/13/2001 | CG | Recalendar all pretrial deadlines | 0.60 | $150.00 |
| 6/14/2001 | 5/28/2001 | CG | Review National Jury Project's proposal; letter to Al Mueller and Nick Kalanges | 0.30 | $75.00 |
| 7/18/2001 | 6/21/2001 | CG | Review jury consultant's contract | 0.80 | $200.00 |
| 8/15/2001 | 7/19/2001 | SSS | Prepare letter to Gina DeVito re: additional documents and video; print case law for motion in limine (#2) | 1.00 | $85.00 |
| 9/13/2001 | 8/2/2001 | SSS | Prepare volumes of documents for filing and production to opposing counsel; telephone conversations with the Oakland Marriot Hotel; meeting with Chris Gibson re: status of filings | 7.70 | $654.50 |
| 2/13/2002 | 1/23/2002 | SSS | Review, index and file miscellaneous pleadings and correspondence | 0.30 | $28.50 |
| 3/12/2002 | 2/12/2002 | SSS | Organize trial boxes; research deposition of Satish Almaula; telephone conversation with Phillips & Association re: deposition of Mr. Almaula | 0.50 | $47.50 |
| 4/19/2002 | 3/30/2002 | SSS | Review, index and file miscellaneous pleadings and correspondence | 1.30 | $123.50 |
| 5/15/2002 | 4/28/2002 | SSS | Prepare instruction letter to Manny Bal re: filing directed verdict motions | 0.30 | $28.50 |
| 9/11/2002 | 8/12/2002 | SSS | Email Chris Gibson re: conversation and discuss potentiality of appeal | 0.10 | $9.50 |
| 11/7/2002 | 10/29/2002 | SSS | Telephone conversations with Nick from Dept 16 concerning original trial exhibits | 0.10 | $9.50 |
| 12/4/2002 | 11/6/2002 | SSS | Telephone conversations with Manny Bal re: filing cost bill; prepare instructions for filing and copies of cost bill | 0.50 | $47.50 |
| 1/9/2003 | 12/18/2002 | SSS | Prepare copies of documents per Craig Farmer's request; telephone conversation with Yolanda at Mr. Farmer's office; prepare letter to Mr. Farmer transmitting requested documents | 1.50 | $142.50 |
| 2/7/2003 | 1/31/2003 | SSS | Prepare fax to Mark Campbell with specific jury instructions | 0.50 | $52.50 |
| 3/4/2003 | 2/5/2003 | SSS | Convert email transcripts of Sid Dinwiddie's testimony to transfer to Mark Campbell and print hard copy; prepare email to Rachael Miller re: incomplete testimony | 0.60 | $63.00 |

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| 4/3/2003 | 3/4/2003 | SSS | Receive letter from Linda Harris re: Cam Adams' 4/16/02 trial testimony; email Mark Campbell transmitting Mr. Adams' testimony | 0.10 | $10.50 |
| 5/5/2003 | 4/1/2003 | CG | Letter to Gina DeVito with check | 0.20 | $55.00 |
| 9/4/2003 | 8/26/2003 | SSS | Telephone conversation with Nick Caporicci at Dept 16 re: picking up trial exhibits; prepare email to Chris Gibson re: status of trial exhibits | 0.10 | $10.50 |

| | | | Farmer, Murphy, Smith and Alliston | | |
|---|---|---|---|---|---|
| 12/31/2002 | 12/11/2002 | CEF | Conference call with Jim Thompson, Nick Kalanges, R. Girard, GEM, MAC to address parameters of legal services, retainer letter, coordination with Chris Gibson | 0.40 | $100.00 |
| 1/31/2003 | 1/16/2003 | MAC | Instruction to staff re: loading transcripts on to Summation | 0.20 | $50.00 |
| 2/28/2003 | 2/13/2003 | MAC | Preparation of copies of federal authority for submission to the court | 0.40 | $100.00 |
| 3/31/2003 | 3/13/2003 | MAC | Review and analyze Boutin bill, email to N. Kalanges re: same | 0.60 | $150.00 |
| 4/30/2003 | 4/1/2003 | MAC | Email to N. Kalanges following up on payment of costs | 0.15 | $37.50 |
| 4/30/2003 | 4/2/2003 | MAC | Review and analyze email from N. Kalanges re: costs payment, telephone call, left extended message for C. Gibson, call from Gibson | 0.20 | $50.00 |
| 5/31/2003 | 5/30/2003 | MAC | Drafting of letter to Pacific Coast's accountants re: litigation contingencies | 0.50 | $125.00 |

| | | | Wagner, Kirkman, Blaine and Youmans | | |
|---|---|---|---|---|---|
| 1/31/2003 | 12/11/2002 | RRG | Review file re: documents to be provided Farmer | 1.00 | $215.00 |



# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
### Examples of Vague Billing Entries

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| Bontin, Dentino, Gibson, DiGiusto, Hodell and West | | | | | |
| 8/15/2001 | 7/19/2001 | NMG | Review prior outlines | 1.40 | $273.00 |
| 4/19/2002 | 3/29/2002 | NMG | Organize to prepare for trial | 6.20 | $1,271.00 |

EXAMPLES OF BLOCK
BILLING

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## Re: All Firms
## Examples of Block Billing

| Statement Date | Entry Date | Time-keeper | Description | Apprx Hours | Apprx Fees |
|---|---|---|---|---|---|
| **Boutin, Dentino, Gibson, Di Giusto, Hodell and West** | | | | | |
| 12/11/2000 | 11/28/2000 | NMG | Research and finish file review for venue transfer motion; research alternative grounds of motion for reconsideration, motion for error corim nobis, motion for new trial etc. | 5.90 | $1,091.50 |
| 4/20/2001 | 3/9/2001 | CG | Telephone conference with Merv Reykdal's attorney about case status; telephone conference with David Ploense; letter to Ploense; review calendar for appropriate trial dates; telephone conference with Sin Dinwiddie; review Sid's letter and memo; telephone conference with Nick Kalanges; telephone conference with Al Mueller; telephone conference with Paul Vapnek; telephone conference with DeVito; review DeVito's letter and stipulation; letter to DeVito; follow-up calls with DeVito | 4.20 | $1,050.00 |
| 4/20/2001 | 3/19/2001 | CG | Meeting with Kellie Cook about brief on right to jury; review David Ploense's letter; letter to Ploense with Almaula deposition; coordinate trial date; telephone conference with Sid Dinwiddie; telephone conference with Nick Kalanges; letter to Al Mueller with videotape; letter to Mueller and Kalanges about jury consultant; review information about jury consultant | 1.50 | $375.00 |
| 9/13/2001 | 8/1/2001 | CG | Telephone conference with court about case status; review Chivers' amended exhibit list; review new exhibits; prepare objections to exhibits; prepare motion in limine to bar portions of Hillman's testimony; meeting with Dave Lucchetti and Nick Kalanges; telephone conference with Linda Hale | 9.20 | $2,300.00 |



| Cost Description | Post-Tender | | | | | | | | Post-Tender Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 9/13/2001 | 10/18/2001 | 11/12/2001 | 12/7/2001 | 2/13/2002 | 3/12/2002 | 4/19/2002 | 5/15/2002 | |
| Admin Costs | $1,228.68 | $17.00 | $19.00 | $3.00 | $101.16 | $848.39 | $4,472.35 | | $10,347.38 |
| All Other Costs (from missing pages) | | | | | | | | | $0.00 |
| Computer Research | $304.96 | | $275.33 | | | | | $40.71 | $1,115.26 |
| Conference Call/Room | | | | | | | $150.00 | | $300.00 |
| Courier Service | $302.00 | | | | | $7.71 | | | $307.00 |
| Deposition Transcripts | | | | | | | | | $0.00 |
| Expert/Consultants Fees and Expenses | | $36.75 | | | | $1,120.00 | $7,922.94 | $1,400.00 | $13,052.94 |
| Fax Cost | | $1.50 | | | $6.75 | $128.25 | $237.75 | $111.00 | $654.75 |
| Federal Express | $45.97 | | | | | | $424.44 | | $554.08 |
| Filing Fee | | | $23.00 | | | | $46.00 | $1,600.00 | $1,669.00 |
| Investigation Service | | | | | | | $1,478.75 | | $1,543.75 |
| Less Prepaid Cash Applied | | | | | | | | | $0.00 |
| Malott & Peterson | | | | | | | | $756.00 | $756.00 |
| Meal Expense | | | | | | | | $632.29 | $632.29 |
| Miscellaneous | | | | | | | | $76.12 | $76.12 |
| Office Supplies Reimbursement | | | | | | | $88.71 | | $88.71 |
| Outside Photocopy | | | | | | | $305.29 | $260.22 | $565.51 |
| Parking | | | | | | | | $187.84 | $187.84 |
| Phillips Legal Services | | | | | | $63.70 | $1,175.50 | | $1,239.20 |
| Photocopying | | | | | | | $302.46 | | $302.46 |
| Professional Services | | | | | | | | | $0.00 |
| Railroad Industries | $886.80 | | | | | | | | $886.80 |
| Telephone | | | | | | | | | $0.00 |
| Townsend & Townsend | | | | | | | | | $0.00 |
| Transcript Fee | | | | | | | | | $0.00 |
| Travel/Mileage Expenses | $881.00 | | | | | | $5,832.54 | $6,939.10 | $13,652.64 |
| Trial Preparation/Testimony | | | | | | | | | $0.00 |
| Void Check to Superior Court | | | | | | | | ($231.00) | ($231.00) |
| TOTAL | $3,180.16 | $18.50 | $317.33 | $3.00 | $107.91 | $2,318.05 | $22,436.73 | $12,003.28 | $47,708.73 |

| Cost Description | 5/15/2002 | 6/15/2002 | 8/12/2002 | 9/11/2002 | Post Directed Verdict 10/3/2002 | 11/7/2002 | 12/4/2002 | 12/31/2002 | 1/9/2003 |
|---|---|---|---|---|---|---|---|---|---|
| Admin Costs | $7,018.85 | $1,529.67 | $161.00 | $377.17 | $264.28 | $69.86 | $218.64 | | $828.79 |
| All Other Costs (from missing pages) | $6,511.22 | | | | | | | | |
| Computer Research | | $804.06 | $210.12 | | | | | | |
| Conference Call/Room | | | | | | | | | $50.04 |
| Courier Service | | | | | | | | | $130.00 |
| Deposition Transcripts | | $949.00 | | | | | | | |
| Expert/Consultants Fees and Expenses | | $7,352.41 | | | | | | | |
| Fax Cost | $110.25 | $73.50 | $30.00 | | $19.50 | | $3.00 | | $15.75 |
| Federal Express | | $106.45 | | $10.26 | $47.17 | | | | $69.17 |
| Filing Fee | $800.00 | | | | | | | | $63.30 |
| Investigation Service | | | $153.00 | | | | | | |
| Less Prepaid Cash Applied | | | ($101.13) | | | | | | ($2,204.48) |
| Malott & Peterson | $810.00 | | | | | | | | |
| Meal Expense | | | | | | | | | |
| Miscellaneous | | | | | | | | | |
| Office Suplies Reimbursement | | | | | | | | | |
| Outside Photocopy | | | | | | | | | |
| Parking | | | | | | | | | |
| Phillips Legal Services | | | | | | | | | |
| Photocopying | | | | | | | | $495.15 | |
| Professional Services | | | | | $75.00 | | | | |
| Railroad Industries | | | | | | | | | |
| Telephone | | $40.48 | | | | | | | |
| Townsend & Townsend | | $7,396.79 | | | | | | | |
| Transcript Fee | | | | | | | | | |
| Travel/Mileage Expenses | $2,163.50 | $411.33 | | | | | | | |
| Trial Preparation/Testimony | | | | | | | | | |
| Void Check to Superior Court | | | | | | | | | |
| Total | $17,413.82 | $18,063.69 | $452.99 | $387.43 | $405.95 | $69.86 | $221.64 | $495.15 | $(1,047.43) |

| Cost Description | Post Directed Verdict | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 1/31/2003 | 2/7/2003 | 2/28/2003 | 3/4/2003 | 3/31/2003 | 4/3/2003 | 5/5/2003 | 5/31/2003 | 6/4/2003 |
| Admin Costs | | $922.28 | | $387.88 | | $21.22 | $66.70 | | $485.22 |
| All Other Costs (from missing pages) | | | | | | | | | |
| Computer Research | $250.56 | | $116.00 | | $280.14 | | | | |
| Conference Call/Room | | | | | | | | | |
| Courier Service | | | $212.00 | $21.00 | | | | | |
| Deposition Transcripts | | | | $859.50 | | | | $122.00 | |
| Expert/Consultants Fees and Expenses | | | | | | | | | |
| Fax Cost | $5.00 | | | | | | | | |
| Federal Express | | | $27.91 | | | | | | |
| Filing Fee | $50.60 | | | | | | | | |
| Investigation Service | | | | | | | | | |
| Less Prepaid Cash Applied | | | | | | | | | |
| Malott & Peterson | | | | | | | | | |
| Meal Expense | | | | | | | | | |
| Miscellaneous | | | | | | | | | |
| Office Suplies Reimbursement | | | | | | | | | |
| Outside Photocopy | | | $879.10 | | | | | | |
| Parking | | | | | | | | | |
| Phillips Legal Services | | | | | | | | | |
| Photocopying | $31.35 | | $37.80 | | | | | $31.65 | |
| Professional Services | | | | | | | | | |
| Railroad Industries | | | | | | | | | |
| Telephone | | | | | | | | | |
| Townsend & Townsend | | | | | | | | | |
| Transcript Fee | | | $488.75 | $1,287.75 | | | | | |
| Travel/Mileage Expenses | $95.80 | | | $49.44 | | | | | |
| Trial Preparation/Testimony | | | | | | | | | |
| Void Check to Superior Court | | | | | | | | | |
| Total | $433.31 | $922.28 | $993.71 | $2,605.57 | $280.14 | $21.22 | $66.70 | $153.65 | $485.22 |

| Cost Description | Post Directed Verdict | | | | | Post Directed Verdict Total | Grand Total |
|---|---|---|---|---|---|---|---|
| | 6/30/2003 | 7/14/2003 | 8/8/2003 | 9/4/2003 | 10/3/2003 | | |
| Admin Costs | | $38.50 | $1.10 | $26.56 | $6.60 | $12,424.32 | $22,771.70 |
| All Other Costs (from missing pages) | | | | | | $6,511.22 | $6,511.22 |
| Computer Research | $34.48 | | | | | $1,695.36 | $2,810.62 |
| Conference Call/Room | | | | | | $50.04 | $350.04 |
| Courier Service | | | | | | $485.00 | $792.00 |
| Deposition Transcripts | | | | | | $1,808.50 | $1,808.50 |
| Expert/Consultants Fees and Expenses | | | | | | $7,352.41 | $20,405.35 |
| Fax Cost | | | | | | $257.00 | $911.75 |
| Federal Express | $14.53 | | | | | $275.49 | $829.57 |
| Filing Fee | | | | | | $913.90 | $2,582.90 |
| Investigation Service | | | | | | $153.00 | $1,696.75 |
| Less Prepaid Cash Applied | | | | | ($0.09) | ($2,305.70) | ($2,305.70) |
| Malott & Peterson | | | | | | $810.00 | $1,566.00 |
| Meal Expense | | | | | | $0.00 | $712.78 |
| Miscellaneous | | | | | | $0.00 | $76.12 |
| Office Suplies Reimbursement | | | | | | $0.00 | $88.71 |
| Outside Photocopy | | | | | | $879.10 | $1,444.61 |
| Parking | | | | | | $0.00 | $187.84 |
| Phillips Legal Services | | | | | | $0.00 | $1,239.20 |
| Photocopying | | | | | | $595.95 | $898.41 |
| Professional Services | | | | | | $75.00 | $75.00 |
| Railroad Industries | | | | | | $0.00 | $886.80 |
| Telephone | | | | | | $40.48 | $40.48 |
| Townsend & Townsend | | | | | | $7,396.79 | $7,396.79 |
| Transcript Fee | | | | | | $1,776.50 | $1,776.50 |
| Travel/Mileage Expenses | | | | | | $2,670.63 | $16,323.27 |
| Trial Preparation/Testimony | | | | | | $49.44 | $49.44 |
| Void Check to Superior Court | | | | | | $0.00 | ($231.00) |
| Total | $49.01 | $38.50 | $1.10 | $26.56 | $6.85 | $39,714.43 | $69,695.65 |

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## National Jury Project Trial Consultants (Experts/Vendors)
### Total Fees & Costs Billed

| Statement Date | Fees Billed* | Costs Billed | Total Fees & Costs Billed |
|---|---|---|---|
| 8/17/2001 | $11,568.12 | $7,213.36 | $18,781.48 |
| 4/22/2002 | $12,376.25 | $174.48 | $12,550.73 |
| **Total** | **$23,944.37** | **$7,387.84** | **$31,332.21** |

\* Average hourly rate is $201.72

Expert/Consultant
Total Hours Billed

# PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW
## National Jury Project Trial Consultants (Experts/Vendors)
### Total Hours Billed Per Person

| Timekeeper | 8/17/2001 | 4/22/2002 | Total |
|---|---|---|---|
| Koonan, Karen Jo | 33.70 | | 33.70 |
| Logistics Coordinator | 7.50 | | 7.50 |
| Lunsford, Terry | | 33.55 | 33.55 |
| Rountree, Will | 16.55 | 27.40 | 43.95 |
| **Total** | **57.75** | **60.95** | **118.70** |

Expert/Consultant
Total Costs Billed

**PACIFIC COAST BUILDING PRODUCTS V. CHIVERS FEE REVIEW**
**National Jury Project Trial Consultants (Experts/Vendors)**
**Itemization of Costs**

| Cost Description | 8/17/2001 | 4/22/2002 | Total |
|---|---|---|---|
| Express Mail | | $98.49 | $98.49 |
| Facility | $1,700.00 | | $1,700.00 |
| Food for respondents and attorneys | $223.00 | | $223.00 |
| Mileage and Tolls | $68.09 | | $68.09 |
| Photocopying | | $75.99 | $75.99 |
| Photocopying, fax and telephone | $262.27 | | $262.27 |
| Recruitment | $2,185.00 | | $2,185.00 |
| Respondents' cooperation fees | $2,375.00 | | $2,375.00 |
| Stationary video equipment | $400.00 | | $400.00 |
| **Total** | **$7,213.36** | **$174.48** | **$7,387.84** |

EXHIBIT "B"

January 7, 2005

PRELIMINARY REPORT OF ROBERT L. SIEMS

I have been retained by National Union Insurance Company as an expert witness in the case styled <u>Pacific Coast Building Products, Inc. v. National Union Fire Insurance Company</u> U.S.D.C., Eastern District of California No. S-04-1059 LKK (KJM) to opine on whether National Union's handling of the tender of the defense of Pacific Coast was reasonable and in good faith. I have prepared the following report in compliance with Rule 26(a)2(b) of the Federal Rules of Civil Procedure. I have attached my resume, setting forth my qualifications and experience. I am being compensated at a rate of $300 per hour for my work as a consulting expert and for my work as a testifying expert, plus reasonable expenses.

**OPINION**

**National Union's handling is reasonable and consistent with the standard of professional care in the property and casualty industry.**

**BASIS FOR OPINION**

**The claim handling was reasonable and consistent with the standard of care.**

In May 1997, Pacific Coast files suit against its former employee, Morgan A. Chivers in *Pacific Coast Building Products, Inc. v. Chivers*, Sacramento County Superior Court Case No. 97AS02753 (Pacific v.Chivers lawsuit) alleging trade secret misappropriation of a newly developed technology for asphalt waste recycling. In September 1997, Chivers filed a cross-complaint against Pacific Coast and its vice-president Alfred Mueller (Chivers cross-complaint) alleging Intentional Misrepresentation/ Fraud, Negligent Misrepresentation/ Fraud, Declaratory relief, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress.

On November 16, 2000, Pacific Coast tendered the defense of the cross-complaint to National Union by letter from Rick Wilson to AIG's Case Control Unit in Portland, Oregon.

National Union had provided insurance coverage to Pacific Coast under Commercial General Liability Insurance Policy No. GL 5909252 RA from September 29, 1994 to September 29, 1995 and under Policy No. GL 5909297 RA from September 29, 1995 to September 29, 1996.

On November 28, 2000 the claim administrator for National Union responded in writing to the tender. On December 7, 2000, Pacific's attorney replied with enclosures.

On January 4, 2001, AIG assigned the coverage issues to outside counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP (McCormick Barstow). That firm sent an analysis of the coverage to Pacific on June 20, 2001. On August 9, 2001, counsel for Pacific, Norman J. Roger, Roger, Scott & Helmer LLP (Roger, Scott) responded to the McCormick letter. A confidential meeting followed in October 2001 between representatives and counsel for Pacific and National Union. This was followed by a February 27, 2002 letter titled as a confidential and privileged settlement communication from McCormick, Barstow to Roger, Scott. McCormick, Barstow subsequently called Roger, Scott to request a response then sent a July 31, 2002 letter to the Roger firm requesting a response. Mr. Roger called McCormick, Barstow on August 6, 2002 and said that he would send information. There was no further contact until February 2004 when Kimberly Amick, new counsel for Pacific called on its behalf.

In the interim, Chivers had dismissed the causes of action in his cross-complaint for intentional and negligent infliction of mental distress on March 27, 2002. A directed verdict was granted against Chivers on April 25, 2002 on the causes of action for intentional misrepresentation/ fraud and negligent misrepresentation/ fraud. No judgment was entered against Pacific on any cause of action alleged in the Chivers cross-claim.

The Complaint for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing was filed in February 2004. The specific bad faith allegations follow:

Defendants breached the covenant of good faith and fair dealing to Pacific Coast as follows:
   a. By unreasonably and without cause failing to conduct a competent and timely investigation into the facts which give rise to the National Union's duty to defend Pacific Coast in the *Chivers* action;
   b. By unreasonably and without cause declining coverage under the National Union policies despite their clear language of the insurance contracts obligating National Union to provide Pacific Coast with a defense in the *Chivers* action;
   c. By unreasonably and without cause refusing to pay Pacific Coast's defense costs and fees incurred in the *Chivers* action as obligated by the terms of the policy;

d. By attempting to leverage coverage due under the National Union policies to Pacific Coast by negotiating to pay a lesser amount than defendants were obligated to pay under the policies in return for partial coverage;

e. By placing interests ahead of the interest of Pacific Coast in resolving this claim causing the company to pay its own defense fees and costs;

f. By basing their coverage decisions on a desire to reduce or avoid their obligations to Pacific Coast;

Pacific's allegations are narrowed to the coverage under the Personal Injury section of the two policies. Those sections provide as follows:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.

b. This insurance applies to "personal injury" only if cause by an offense:
   1. Committed in the "coverage territory" during the policy period; and
   2. Arising out of the conduct of your business excluding advertising, publishing, broadcasting or telecasting done by or for you.

c. This insurance applies to "advertising injury" only if caused by an offense committed:
   1. In the "coverage territory" during the policy period; and
   2. In the course of advertising your goods, products or services.

"Advertising injury" means injury arising out of one or more of the following offenses:
   a. Oral or written publication of material that slanders or libels person or organization or disparages a person's or organization's goods, products or services.
   b. Oral or written publication of material that violates a person's right to privacy;
   c. Misappropriation of advertising ideas or style of doing business; or
   d. Infringement of copyright, title or slogan.

"Personal injury" means injury, other than "bodily injury," as injuring arising out of one of the following offenses:
   (a) False arrest, detention of imprisonment;
   (b) Malicious prosecution;
   (c) Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;
   (d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods. Products or services; or
   (e) Oral or written publication of material that violates a person's right of privacy.

The policy also contains these conditions:
   b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit."
   c. You and any other involved insured must:
      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;
   d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

The analysis of whether the insurer has a duty to defend begins within the four corners of the Complaint. The claim professional compares the allegations within the Complaint to the contract language describing the coverage. When the claim professional becomes aware of extrinsic information, it is further considered in this comparison with the contract language describing the coverage. The claim professional is prohibited from damaging the interests of the insured by performing this comparison unreasonably and in bad faith. That is not what has taken place here.

The defense of the cross-claim was not tendered to the claim administrator for National Union until more than three years after the cross-claim had been filed .The cross-claim and deposition summary excerpts were included as part of this tender. Less than two weeks later, AIG responded in writing. A transcript of Mr. Chiver's deposition was requested as was documentation of any comments made which may have damaged Mr/ Chiver's reputation. Pacific replied by letter of December 7, 2000, sending it's original and first amended complaint and more from the deposition summary. Apparently, the deposition transcript has never been produced to the insurer. On January 4, 2001, the possibility of coverage was referred by the AIG claim professional to outside defense counsel at the McCormick firm.

The records that I have reviewed demonstrate a prompt response by the insurer to the insured's tender of the defense. The first acknowledgement letter goes out less than two weeks after the tender. The second letter is sent out a little more than one week after the next correspondence had been received from Pacific. In the second letter, the claim professional asks for extrinsic material and specifically requests documentation of any comments made which may have damaged Mr. Chiver's reputation. When Pacific replies, the claim professional refers the coverage question for expert analysis by outside coverage counsel. This activity shows competent and reasonable claim practice under these circumstances.

Once the coverage question is referred to outside counsel, the dispute on coverage continues pursuant to customary industry practice. A sophisticated policyholder and a sophisticated insurer continue to dispute the potentiality of coverage. . The question of whether the duty to defend was triggered is complex. Original counsel retained by National Union and

counsel retained by Pacific Coast argued the subtleties of the coverage issues for over two years. New counsels for the parties continue the dispute in this litigation. Their arguments change and mature in the memos that have been filed with the Court to support pending motions for summary judgment on the coverage issues. That those issues are genuine is reflected by not only their substance but by the difficulty each side has in framing the issues and supporting its arguments. Where attorneys with specialized expertise in coverage law produce contradictory coverage analysis and positions like those here, the claim professionals for National Union cannot reasonably be expected to know the ultimate answer.

As the case has developed, any duty to indemnify has been negated with final disposition of the underlying litigation. That litigation essentially involved a commercial dispute over ownership of a newly developed technology for asphalt waste recycling. This is not typically consistent with the risk transfer at the heart of the insurance market.

I reserve the right to revise and supplement my opinions in this matter. The claim file and deposition transcripts are yet to be reviewed. These and any additional documents and discovery materials may change my opinion.


**I have prepared this report based on my review of the following:**
Complaint for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing
Answer to Plaintiff's Unverified Complaint; Demand for Jury Trial
Certificate and Notice of Interested Parties
Notice of Motion by Defendant National Union for Complete, or Partial, Summary Judgment
Defendant National Union's Memorandum of Points and Authorities in Support of its motion for Complete, or Partial, Summary Judgment
Defendant National Union's Separate Statement of Undisputed Material Facts in support of its Motion for Complete, or Partial, Summary Judgment
Declaration of Patrick Fredette In Support of National Union's Motion for Complete, or Partial, Summary Judgment

Request for Judicial Notice in Support of National Union's Motion for Complete, or Partial,

Summary Judgment

Declaration of N. David Lyons in Support of National Union's Motion for Complete, or Partial,

Summary Judgment

Plaintiff Pacific Coast Building Products, Inc.'s Opposition to Defendant National Union's Motion

for Complete, or Partial, Summary Judgment

Defendant National Union's Reply Memorandum of Points and Authorities in Support of its Motion

for Complete, or Partial, Summary Judgment

**Other Cases in which I have Testified at Deposition or Trial as an Expert Witness within the**

**Preceding Four Years**

Expert witness for Defense: *American Manufactures Mutual Insurance Company v. Merastar Insurance Company*
Expert witness for Defendant/Counter-claimant: *Safeway Insurance Company v. Steven Botma; Patricia Himes v. General Motors Corporation*
Expert witness for Plaintiff/Insured: *Terry v. Medical Mutual*
Expert witness for Plaintiff: *House v. Princeton*
Expert witness for Defendant: *Greenway Environmental Inc. v. Reservoir Capital Corporation*
Expert witness for Defendant: *Bank of America v. Zurich North America*

I will be providing a copy of my C.V., copies of expert reports submitted from me in the

other cases in which I have submitted written reports as an expert, and cover pages from those

cases in which I have been identified as an expert witness and given testimony.

Respectfully submitted,

By: _____
       Robert L. Siems

# Robert L. Siems

3683 Clipper Mill Road, Baltimore, MD   21211

(410) 366-3796

## EXPERIENCE:

**Law Offices of Robert L. Siems, P.A.**  8/99 to present

Founded to provide excellent legal services to insurers and policyholders on first and third party claim litigation and coverage, extracontractual litigation, major injury litigation and fraudulent claim investigations and reinsurance issues and to provide alternative dispute resolution services.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Group Counsel/ National Extracontractual Claims Counsel, Assistant Vice President, 3/98 to 8/99**

- Management of all extracontractual litigation against St. Paul nationwide including Commercial Lines, Personal Lines, E&O, Surety, and Property
- Management of major injury litigation against St. Paul and its insureds in the Mid-West
- General Counsel to company's Special Investigation Unit
- Hired, supervised and provided guidance to team of attorneys and claim professionals

**USF&G, Group Counsel, Assistant Vice President, 1992 to 1998**

- Management of all extracontractual litigation against USF&G nationwide
- Management of all major injury litigation against USF&G and its insureds in the Mid-West
- Claims counsel to Family Business and Insurance Group
- Hired, supervised and provided guidance to team of attorneys and claim professionals

**FRANCOMANO, KARPOOK AND SIEMS, Partner, 1991 to 1992**

- Managing Litigation Counsel in 7-attorney firm representing businesses, insurance companies and individual clients.

**COHAN AND FRANCOMANO, Partner, 1990**

- Managing Litigation Counsel in 11-attorney firm that was predecessor to above firm.

**O'DOHERTY, GALLAGHER AND NEAD, Associate/Partner, 1981 to 1990**

- Tried over 50 cases to jury verdict for insurance companies and their insureds

**VERDERAIME AND DUBOIS, P.A.**, **Associate,** 1979 to 1981

## EDUCATION:

**Executive M.B.A.,** 2000
LOYOLA COLLEGE, Baltimore, Maryland

**Juris Doctor,** 1979
UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland
- Outstanding Advocate Award
- Treasurer, Student Bar Association
- Coordinator, Prisoner Information Services (ABA Award)

**B.A. in English,** 1974
UNIVERSITY OF MIAMI, Coral Gables, Florida

**Academic Diploma,** 1970
GILMAN SCHOOL, Baltimore, Maryland

## CERTIFICATIONS AND DESIGNATIONS
- CPCU, 1997

### PROFESSIONAL LICENSES AND ASSOCIATIONS
- Martindale-Hubbell AV Rating
- Admitted, Maryland State Bar (1979) and United States District Court (1980)
- Member, Maryland State Bar Association
- Instructor and Author, Maryland Institute of Continuing Programs for the Education of Lawyers
- Member, Maryland Defense Counsel, Inc., current; President 1989-1990
- Member, Defense Research Institute (DRI)
  - Instructor and Author-1997 Annual DRI Seminar "Law of Mediation: Court Decisions and Legal Issues", Washington D.C.
  - Instructor: Negotiations in Excess and Reinsurance at 1999 DRI Excess and Reinsurance Seminar, New Orleans, LA.
  - DRI Outstanding Service Award, 1990
- Certified Maryland Mediator under Maryland Rule 17-106 (12/00 to present)
  - Appointed Civil Mediator for the Circuit Court for Baltimore City, Baltimore County, Anne Arundel County, Howard County, Montgomery County, Frederick County).
  - Completion of MICPEL's Bankruptcy Mediation course (December 2003).

- Member, CPCU Society and Maryland Chapter of CPCU Society, 1997 to present
    - Member of National Information Technology section and co-editor of its newsletter, Cutting Edge, 2001 to present
    - Board of Directors of Maryland Chapter, 2004 -2007

## COMMUNITY ACTIVITIES

Board of Directors, Cystic Fibrosis Foundation of Maryland
Board of Directors, Hannah More School
Board of Directors, CPCU Society, Maryland Chapter

## PUBLICATIONS AND PROFESSIONAL INSTRUCTION

- ADR Critique for MICPEL Civil Mediation Seminar October 2004
- "How the Law Influences Policy Provisions," SITE (Society Of Insurance Trainers & Educators) and CPCU seminar, October 2004
- "Bad Faith Litigation in Maryland" and "Liability and Uninsured/ Underinsured Motorist Coverages," *Insurance Law Institute, Maryland Institute for Continuing Professional Education of Lawyers (MICPEL)*: April 2004.
- INSURANCE BAD FAITH: A COMPENDIUM OF STATE LAW (Defense Research Institute, 2004), Regional editor and contributing author
- Gary Blake and Bob Siems, " Careless Writing and Bad Faith Law Suits," Claims, February 2004, 23.
- Robert L. Siems, "Discovery and Trial of Bad Faith Actions," Lorman Education Services seminar and written materials on Insurance Bad Faith Claims in Maryland, instructor and author, October 21, 2003.
- Robert L. Siems, "Information Technology and Fraud Prevention," CPCU Cutting Edge Newsletter (April 2003); Volume X No. 1.
- Co-Editor, Cutting Edge, CPCU Society Information Technology Section Quarterly, 9/01 to present.
- "Terrorism Risks Under Commercial Property Coverage; How to Handle a Terrorism Claim, *CPCU Society of Maryland and Mariners of the Bay,* February 19, 2003.
- Robert L. Siems, "A Primer for Counsel: Litigate, Arbitrate, or Mediate the Bad Faith Action," For the Defense, July 2002, 41.
- Robert R. Siems and Anthony R. Zelle, "Not Business as Usual: Handling Claims Arising from September 11," For the Defense, May 2002, 25.
- "Bad Faith," instructor, *Insurance Law Institute, Maryland Institute for Continuing Professional Education of Lawyers (MICPEL)*: June 2001.
- "Bad Faith," instructor, *Baltimore Claims Persons Association.*
- "Bad Faith," instructor, *Maryland Defense Counsel, Inc.* May 2, 2000
- "Bad Faith," instructor, *USF&G and St. Paul* 1992 – 1999
- "What Insurance Companies are Looking for from Outside Counsel," instructor, *Niles, Barton & Wilmer*: April 27, 2000 and *The Harmonie Group*: May 19, 2000

- Excess Panel Discussion on Negotiation, Excess and Reinsurance Seminar, The Defense Research Institute, Inc., April 1999, New Orleans, La.
- The Law of Mediation, Mediation Seminar, The Defense Research Institute Inc, April 17-18, 1997, ANA Hotel Washington D.C. Automobile Liability
- Maryland Automobile Accident Deskbook, author of "Rear-End Accidents" Chapters 4, and of "Insurance: PIP, Uninsured Motorists, and Liability Provisions," Chapter 18, Maryland Institute for Continuing Professional Education of lawyers (MICPEL), First and Second Editions.
- "Liability Insurance, Uninsured Motorists, PIP," instructor, MICPEL: 1994 - present.
- "Nine Day Intensive Trial Advocacy Program," member of faculty and instructor on direct examination, *MICPEL*: 2000
- "Insurance Law (6-week program)," member of faculty, *MICPEL*: 1996, 1998 and 2000
- "Rules and Regulations," instructor, *CPCU, Maryland Chapter*, May 20, 1998
- Defense Research Institute liaison for Trial Tactics and Techniques Committee for DRI International Conference (May, 2001)

## EXTRACONTRACTUAL CASE WORK

- Legal Consultant on bad faith issues: *Employers Reinsurance Corporation v. Pioneer Electronics, Inc. (2000)*
- Expert witness for Defense: *Westchester Fire Insurance Company v. ATC/Vancom, Inc.*
- Expert witness for Defense: *American Manufactures Mutual Insurance Company v. Merastar Insurance Company*
- Expert witness for Defendant/Counter-claimant: *Safeway Insurance Company v. Steven Botma; Patricia Himes v. General Motors Corporation*
- Expert witness for Plaintiff/Insured: *Terry v. Medical Mutual*
- Expert witness for Plaintiff: *House v. Princeton*
- Expert witness for Defendant: *Greenway Environmental Inc. v. Reservoir Capital Corporation*
- Expert witness for Defendant: *Bank of America v. Zurich North America*

## REFERENCES

John W. Bell; Johnson & Bell LTD.; Suite 2200, 222 North LaSalle Street; Chicago, Illinois 60601; (312) 372 – 0770

William V. Johnson; Johnson& Bell LTD.

Robert Kiesler; Kielser & Berman; Suite 1300, 188 W. Randolph Street; Chicago, Illinois 60601; (312) 332 – 2840

1

# PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200,
4 Los Angeles, California 90012.

5      On January 7, 2005, I served the following document described as **DEFENDANT
NATIONAL UNION'S DISCLOSURE OF TRIAL EXPERTS** on all interested parties in this
6 action by placing [X] a true copy  [  ] the original thereof enclosed in sealed envelopes addressed
as follows:

7

8 Phillip L. Pillsbury, Jr., Esq.
Richard D. Shively, Esq.
Pillsbury & Levinson, LLP
9 One Embarcadero Center, 38th Floor
San Francisco, CA 94111
10 Facsimile: (415) 433-4816

11
[X]      (BY MAIL, 1013a, 2015.5 C.C.P.)
12
13      [  ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was
mailed with postage thereon fully prepaid.

14      [X]    I am readily familiar with the firm's practice for collection and processing
correspondence for mailing. Under that practice, this document will be deposited with the U.S.
15 Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the
ordinary course of business. I am aware that on motion of the party served, service is presumed
16 invalid if postal cancellation date or postage meter date is more than one day after date of deposit
for mailing in affidavit.
17
[ ]      (STATE) I declare under penalty of perjury under the laws of the State of California that the
18 above is true and correct.

19 [X]      (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court
at whose direction the service was made.
20
     Executed on January 7, 2005, at Los Angeles, California.
21

22

23

24      MAUREEN ALLEN

25

26

27

28

4831-2309-1712.1