UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PACIFIC COAST BUILDING PRODUCTS, INC.,

        Plaintiff,

   v.

NATIONAL UNION FIRE INSURANCE COMPANY,

        Defendant.
_____/

NO. CIV. S-04-1059 LKK/KJM

O R D E R

Plaintiff, Pacific Coast Building Products ("Pacific"), alleges that defendant insurance company, National Union Fire Insurance Co. ("National"), failed to fulfill its obligations as insurer under two different policies when a cross-complaint was filed against it by a former employee, Morgan A. Chivers ("Chivers"). On January 14, 2005, the court <u>sua sponte</u> granted summary judgment for Pacific on the duty to defend issue, finding that National had a duty to defend Pacific. The court denied all other motions. Pending before the court is National's motion for

1

reconsideration seeking clarification/reconsideration of two discrete issues:

>   1. Whether the April 25, 2002 directed verdict on Chivers' cross-complaint ended any duty to defend; and
>
>   2. Whether the higher evidentiary standard and burden of proof necessary to recover punitive damages precludes any recovery by plaintiff of punitive damages, even if there is a triable issue as to "bad faith."

National also seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the four issues decided by this court in the January 14, 2005.

**I.**

**ANALYSIS**

**A.   MOTION TO RECONSIDER/CLARIFICATION**

**1. <u>When the Duty to Defend Ends</u>**

In the January 14, 2005 Order, this court ruled that National's duty to defend does not end until the duty has been terminated by court order or until the underlying lawsuit is concluded. National moved for summary judgment on this issue, requesting that this court rule that National could have no obligation to Pacific for any fees or costs incurred after Chivers' March 27, 2002 dismissal of the NIED and IIED causes of action. This court, however, held that:

> [b]ecause the potential claims in the Chivers case arose from extrinsic facts and from allegations not exclusively contained in the stated causes of action, the dismissal of the NIED and IIED claims has no bearing on whether National continued to we a duty to defend.

2

1  See Order at 21.

2  It is undisputed that on April 25, 2002, Pacific was granted
3  a directed verdict on Chivers' fraud/negligent misrepresentation
4  causes of action.  In this motion for
5  reconsideration/clarification, National asserts that the court
6  based its duty to defend decision on the single allegation by
7  Chivers contained in the complaint (that Chivers "has been damages
8  [sic] in his reputation by the allegations that he misappropriated
9  trade secrets.").  They argue that this single allegation was
10 contained in the two misrepresentation claims, and that after the
11 directed verdict was granted in Pacific's favor on these two
12 claims, there was no longer a duty to defend.  Def.'s Br. at 6.
13 I cannot agree.

14  As explained in the January 14, 2005 Order, the insurer's duty
15 to defend continues "until the underlying lawsuit is concluded
16 . . . or until it has been shown that there is *no* potential for
17 coverage."  See Montrose Chemical Corp. v. Superior Court,
18 6 Cal.4th 287, 295 (1993).  The record makes clear that the
19 potential for a duty to defend arose from allegations not only
20 contained in the complaint, but from additional allegations
21 contained in deposition summaries provided to National on November
22 16, 2000 and December 7, 2000.  See Order at 13-15.  Thus, a
23 potential for coverage remained despite this directed verdict.  As
24 Pacific points out, the directed verdict on Chiver's fraud claims
25 did not prevent him from amending his cross-complaint in the
26 underlying action to add other claims which may be covered under

3

the policy between the parties. National's contention that its duty to defend ended after the April 25, 2002 directed verdict is belied by the fact that, on that same date, Chivers moved to amend his complaint to add a claim for "slander of title," a claim that would have likely been covered by the insurance policy.[1] See Pl.'s Exh. A. In sum, there remained a potential for a duty to defend on National's part as of April 25, 2002, National's motion to reconsider on this issue is DENIED.[2]

## 2. **Ruling on Bad Faith and Punitive Damages**

On January 14, 2005, this court denied summary judgment as to both sides on the issue of bad faith because it was determined that whether denial of the claim was reasonable, the key to the bad faith claim, is a question for the jury.[3] This court also held

---

[1] Pacific was ultimately successful in persuading the court to not let the slander of title claim go to the jury (in a motion for reconsideration).

[2] Some courts have even held that the potential for a duty to defend persists until the time for an appeal from the judgment in an underlying action had passed. See Prichard v. Liberty Mut. Inc. Co., 84 Cal.App.4th 890, 903-904 (2000)(holding that "the potential for indemnification liability continued into the appeal period").

[3] In so holding, the court recognizes the "genuine dispute doctrine" as set forth in Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001). In Guebara, the Ninth Circuit held that "[i]n order to establish bad faith, or breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper cause." Id. at 992 (citation omitted). The Ninth Circuit made clear that "the key to a bad faith claim is whether denial of a claim was reasonable," a question that turns on a myriad of facts which can only be determined on a case-by-case basis. Plaintiff asserts that defendant misrepresented the facts and the law when handling its

4

1 that because whether Pacific is entitled to punitive damages is
2 dependent on this bad faith question, summary judgment would also
3 be denied as to both sides on the question of punitive damages.[4]
4     National requests reconsideration, pointing out that the trial
5 courts are required to apply a higher standard of "clear and
6 convincing evidence" on motions for summary judgment in assessing
7 whether a plaintiff has raised a triable issue on whether the
8 insurer acted with "oppression, fraud, or malice," warranting the
9 award of punitive damages.  In other words, National contends that
10 there is a heightened burden of proof which must be met to recover
11 punitive damages, and thus, a determination on bad faith "does not
12 automatically suffice to establish "oppression, fraud, or malice"
13 under section 3294(c).
14     National's point is well-taken.  The court recognizes that
15 punitive damages are available "if *in addition* to proving a breach
16 of implied covenant of good faith and fair dealing . . . the

---

claim while defendant argues that their handling and investigation of the claim was entirely reasonable. While the Ninth Circuit also explained that a bad faith claim could be dismissed on a summary judgment motion if the defendant demonstrates that there was a "genuine dispute as to coverage," id., the court refrains from dismissing the bad faith claim because a jury may reasonably find that defendant's alleged misrepresentation of the law and of the facts warrants bad faith.  The question of "reasonableness" will inevitably engender disparate results because each case will have disparate facts.  The wide and diverse experience of juries then may well be preferred to reliance on the insulated experience of the court in deciding this issue.

[4] Under California law, a plaintiff may recover punitive damages if he proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

5

insured proves by clear and convincing evidence that the insurance company itself engaged in conduct that is oppressive, fraudulent, or malicious." Amadeo v. Principal Mutual Life Ins. Co., 290 F.3d 1152, 1164 (9th Cir. 2002)(citing PPG Indus. v. Transamerica Ins. Co., 20 Cal.4th 310 (1999)). By denying summary judgment as to both sides on the punitive damages question and stating that such a question "depended on" the bad faith issue, the court did not mean to say that, as a general matter, establishing bad faith suffices to establish "oppression, fraud, or malice" as required for the award of punitive damages. Rather, the court denied summary judgment on the punitive damages issue as to both sides because punitive damages could not be addressed until it was established that National had committed bad faith in not defending Chivers' law suit against Pacific.[5] Because the bad faith issue cannot be addressed at this time, as noted above, National's motion for reconsideration as to the court's ruling on punitive damages is DENIED.

**B.   INTERLOCUTORY APPEAL UNDER 28 U.S.C. SECTION 1292(b)**

Because the January 14, 2005 Order addresses only liability, the order is not final, and thus a 28 U.S.C. § 1292(b) motion is appropriate. Section 1292(b) provides:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

---

[5] The court notes that "[d]eterminations related to assessment of punitive damages have traditionally been left to the discretion of the jury." Amadeo v. Principal Mutual Life Ins. Co., 290 F.3d 1152, 1165 (9th Cir. 2002)(citation omitted).

>         question of law as to which there is substantial ground
>         for difference of opinion and that an immediate appeal
>         from the order may materially advance the ultimate
>         termination of the litigation, he shall so state in
>         writing in such order.

National seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the four issues decided by this court in the January 14, 2005:

1. Whether National had a duty to defend plaintiff against Chivers' cross complaint;
2. Whether that duty was terminated by the April 25, 2002 directed verdict;
3. Whether there was a triable issue as to whether National had acted in "bad faith," specifically the "reasonableness" of its conduct."; and
4. Whether because there was a triable issue as to "bad faith," there was also a triable issue as to punitive damages.

National argues that there is a substantial ground for difference of opinion as to the order's rulings on each of them. Def.'s Br. at 16.  National maintains that certification of such controlling questions is appropriate "in the interests avoiding a wasteful and unnecessary trial." Id. at 15.

The basic standard for certifying an interlocutory appeal was set by the Ninth Circuit in the case of United States Rubber Company v. Wright, 359 F.2d 784 (9th Cir. 1966), which held 28 U.S.C. § 1292(b) is to be used "only in *extraordinary* cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." Id. at 785 (emphasis supplied).  This standard is based on Congressional legislative history, including the report of the Committee on Appeals from Interlocutory Orders of the District Courts, submitted to the Judicial Conference of the

7

United States under date of September 23, 1953: "It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of." S.Rep. No. 2434, 85th Cong. 2nd Sess., 1958 U.S.Code Cong. & Ad. News, pp. 5255, 5260.

The matter at bar is not extraordinary, but does appear to present a controlling question of law as to which there is substantial ground for difference of opinion. The "duty to defend" standard, as it is created by the California Supreme Court, is very broad, and there may be grounds for substantial difference of opinion. National, however, has failed to explain to the court why this case is extraordinary in its legal implications. Defendant has failed to meet its burden of showing why this court should certify the issues addressed in the January 14, 2005 Order. Thus, National's motion for certification for interlocutory appeal is DENIED.

Accordingly, the court hereby ORDERS that:

1. National's motion for reconsideration is DENIED as to all issues.

2. National's motion for certification for interlocutory appeal is DENIED.

IT IS SO ORDERED.

DATED: May 26, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8